**Hayward D. COOPER, Jr., Appellant,**

**v.**

**The STATE of Texas, State.**

No. 2–94–226–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 29, 1996.

Gwinda Burns, Forth Worth, for Appellant.

Bruce Isaacks, District Attorney, Dawn A. Moore, Vicki Foster, Lisa Decker, Assistant District Attorneys, Denton, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and JOHN HILL (Assigned), JJ.

## OPINION OF DISMISSAL

PER CURIAM.

Before the Court is a reconsideration of the State's Motion to Strike Notice of Appeal and the issue of whether this Court has jurisdiction over this appeal.

Appellant Haywood Cooper was convicted on May 14, 1993 by a jury of burglary of a habitation and sentenced to confinement for 78 years. This conviction was in cause no. F–93–0126–C. On May 18, 1993, the trial court filled out a document appointing attorney Joanne Shipley to represent Cooper "in appeal & post trial," although no written notice of appeal had been filed. Ms. Shipley was also Cooper's appointed trial counsel.

Ms. Shipley did not pursue an appeal on Cooper's behalf. The record reflects that Cooper made some untimely efforts to appeal pro se. A written notice of appeal was filed on his behalf on April 19, 1994 by another attorney, Gwinda Burns. Ms. Burns has continued to prosecute an appeal in this cause on Cooper's behalf.

This Court previously overruled the State's Motion to Strike Notice of Appeal on June 15, 1994. Our holding was based on a ruling that the May 18, 1993 document appointing Ms. Shipley as counsel "in appeal & post trial" was sufficient to serve as a notice of appeal. The transcript had not been filed when we made that ruling, but Ms. Burns filed copies of relevant documents with her response to the State's Motion to Strike.

The Court now has the benefit of the transcript and the statement of facts in this cause, and those additional documents have caused us to again review our jurisdiction. The transcript contains a "Waiver of Appeal" bearing cause number F–93–0126–C and signed by Cooper and Ms. Shipley on June 17, 1993. In the body of this waiver, however, is a statement that:

I, HAYWARD COOPER, JR., Defendant in the above entitled and numbered cause, having been convicted of the offense of CREDIT CARD ABUSE, . . . .

Cooper was convicted of credit card abuse in F–93–0194–C upon his judicial confession and guilty plea. That case also was appealed to this court on Cooper's behalf by Ms. Burns in our cause no. 2–94–227–CR. Because the 1993 order appointing Ms. Shipley as counsel only contained the burglary cause number, we granted the State's Motion to Strike Notice of Appeal in the credit card abuse case and dismissed the appeal for want of jurisdiction in 1994 in an unpublished order.

The burglary case's record also contains a Motion to Withdraw As Counsel filed by Ms. Shipley on September 16, 1993. This motion carries the cause numbers of **both** the burglary and the credit card abuse cases. Paragraph II states:

This motion is based upon good cause in that HAYWARD COOPER, JR. is representing himself, pro se, on an appeal where more that [sic] thirty (30) days have

passed since sentencing and where **defendant signed Waivers of Appeal.** [Emphasis added]

This motion was heard September 30, 1993, apparently before Judge Gordon Gray. The other orders in this case appear to be signed by Judge Sam Houston. Judge Gray granted Ms. Shipley's motion to withdraw on September 30, 1993, and Cooper's signature is on the order.

■ As we have already stated, our earlier ruling on the State's Motion to Strike held that the order appointing Ms. Shipley as appellate counsel was sufficient to serve as a notice of appeal. We held that under *Miles v. State*, 842 S.W.2d 278 (Tex.Crim.App.1989) and TEX.R.APP.P. 40(b)(1), the order was sufficient because it "show[ed] the desire of the [defendant] to appeal from the judgment." *Miles*, 842 S.W.2d at 279 n. 1. However, certain specific information must be in writing in the notice of appeal. TEX.R.APP.P. 40(b)(1); *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994). A defective notice cannot be amended out of time. *Id.* at 47.

■ We decline to continue to rely upon *Miles* as authority for several reasons. *Miles* has been cited as authority that filing an appeal bond is sufficient to serve as a notice of appeal. *Miles*, 842 S.W.2d at 279 n. 1; *Buchanan v. State*, 881 S.W.2d 376, 378 (Tex.App.—Houston [1st Dist.] 1994), *remanded in part*, 911 S.W.2d 11 (Tex.Crim. App.1995).[1] The footnote declared that the appeal bond filed in a criminal case was sufficient as a notice of appeal, although the court had already dismissed the State's petition for review as raising an interlocutory issue over which the Court of Criminal Appeals had no jurisdiction. *Miles*, 842 S.W.2d at 279. Any pronouncements by the Court of Criminal Appeals on the facts of the case are therefore merely dicta.

■ Additionally, the statement at issue appears only in a footnote. We are not bound by what the court said in a footnote as the Court of Criminal Appeals itself has declared that its footnotes are dicta. *Young v. State*, 826 S.W.2d 141, 144–45 n. 5 (Tex.Crim. App.1991); *see also Hardie v. State*, 807 S.W.2d 319, 322 (Tex.Crim.App.1991). Accordingly, we will not rely upon *Miles* as authority.[2]

■ We turn now to resolving the issue at hand without using *Miles*. We have examined the statement of facts to see if it might shed some light on whether a notice of appeal was ever filed by appellant, especially in view of the conflicting file documents we have already discussed. The last two pages of the statement of facts from the punishment phase, contain the following:

[After Appellant has been sentenced to 78 years and it is agreed he will get credit for 130 days served. The court has advised him of his right to appeal and to counsel on appeal if he is indigent.]

THE COURT: All right. The custody of the Defendant is remanded to the Sheriff until he can be transferred to the Texas Department of Corrections.

MS. SHIPLEY: Your honor, if we could have him fill in a application for attorney on appeal. I'm not giving notice of appeal now, but he—

THE COURT: Sure. You bet.

MS. SHIPLEY: He would like to have an attorney.

THE COURT: You bet.

MS. SHIPLEY: Can I get that paperwork and have him do that while he's here?

THE COURT: I have no problem with that either.

MS. SHIPLEY: I'll run upstairs and get the paperwork, Your Honor. Thank you.

### (END OF PROCEEDINGS)

---

1. The Court of Criminal Appeals did not address in *Buchanan* the issue of another document being sufficient to act as a notice of appeal.

2. We note that although *Miles* appears in the Southwestern Reporter at 842 S.W.2d 278, the Clerk of the Texas Court of Criminal Appeals has recently verified that this Opinion On Appellant's Motion For Rehearing was designated by that court as "Do Not Publish." Although other courts have relied upon the *Miles* opinion on rehearing, *see Buchanan,* 881 S.W.2d at 378, we must not cite to unpublished opinions under the current appellate rules. TEX.R.APP P. 90(i); *Ditto v. State,* 898 S.W.2d 383, 384 n. 1 (Tex.App.— San Antonio 1995, no pet.); *Union Pacific Resources Co. v. Aetna Casualty & Surety Co.,* 894 S.W.2d 401, 406 (Tex.App.—Fort Worth 1994, writ denied).

Thus, the order appointing counsel that appears in the transcript was merely paperwork to be used *if* Cooper decided to appeal. No notice of appeal was ever filed in this case according to the record before us. The docket sheet contains no notations that a notice of appeal was filed. Rule 40 states:

> Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order....

TEX.R.APP.P. 40(b)(1). It would seem from the plain language of the rule that a criminal appellant does not have to file a particular document labeled "Notice of Appeal" to perfect his appeal, although that would be the safest course of action.

 Where an appellant has clearly taken actions in the trial court and filed with the clerk timely documents that show he desires to appeal, those actions should be construed by trial court clerks as notices of appeal, where they are timely. However, these are not the facts in our case. There is no appeal bond that might be construed as a notice of appeal. The request for a free record filed by Cooper indicates a desire to appeal, but that document was not filed until August 24, 1993, three months after he was sentenced. While Cooper has shown that he desires to appeal, his pro se efforts were not undertaken until after he had signed written waivers of appeal and after time had expired to file a notice of appeal with the trial court clerk. TEX.R.APP.P. 41(b)(1). We find that the order appointing counsel, under these facts, does not act as a substitute for a timely filed notice of appeal. Although we may suspend the rules in criminal cases under some circumstances, we cannot use the rules to extend jurisdiction that we do not have. TEX. R.APP.P. 2(b); *Garza v. State*, 896 S.W.2d 192, 194 (Tex.Crim.App.1995); *Charles v. State*, 809 S.W.2d 574, 576 (Tex.App.—San Antonio 1991, no pet.).

 This Court has the responsibility and power to review the issue of jurisdiction at any time before we issue an opinion. TEX. R.APP.P. 56(a); *see Riley v. State*, 825 S.W.2d 699, 700 (Tex.Crim.App.1992); *see also Mor-*

*rison v. State*, 896 S.W.2d 392, 394 (Tex. App.—Waco 1995, no pet.).

Accordingly, we dismiss this appeal for want of jurisdiction.