**Michael KESSINGER, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–00–132–CR, 2–00–133–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 10, 2000.

Deborah Nekhom, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty, Charles M. Mallin, Asst. Crim. Dist. Atty., Chief of the Appellate Section, Curtis Jenkins, Asst. Crim. Dist. Atty., Fort Worth, for Appellee.

PANEL D: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

PER CURIAM.

Pursuant to rule 50, we have reconsidered our prior opinion upon the appellant's pro se petition for discretionary review. TEX.R.APP. P. 50. We withdraw our June 22, 2000 opinion and judgments and substitute the following.

On February 2, 2000, the trial court rendered two judgments convicting appellant of attempted aggravated sexual assault of a child and possession of child pornography. No motion for new trial was

filed. Thus, appellant's notice of appeal was due on March 3, 2000. *See* Tex. R.App. P. 26.2(a)(1).

On March 23, 2000, the trial court received a letter from appellant, proceeding pro se, informing the trial court that appellant wanted to appeal his convictions. The letter was dated March 13, 2000. Because appellant's letter showed a desire to appeal, we construed the letter as a notice of appeal. *See Cooper v. State*, 917 S.W.2d 474, 477 (Tex.App.—Fort Worth 1996, no pet.).

However, because the March 13 "notice of appeal" letter was late and no motion for extension of time had been filed by appellant, we sent a letter to appellant, now represented by appointed counsel, inviting him to show grounds for continuing the appeals. On May 2, appellant filed a response to our letter arguing that because his March 13 letter was mailed within fifteen days of the March 3 deadline, a motion for extension of time should be implied as in civil appeals under *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). On May 8, 2000, appellant filed a motion for leave to file amended notices of appeal and an amended notice of appeal. The State subsequently filed a motion to strike and dismiss on May 9.

■ A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. Tex.R.App. P. 26; *see Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App.1998). The court of criminal appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996); *see also Slaton*, 981 S.W.2d at 210. Specifically, the court of criminal appeals has declined to adopt the liberal "civil appellate approach" that now permits an appellant to invoke the jurisdiction of an appellate court by merely filing a notice of appeal within fifteen days of its due date, without the necessity of a timely filed motion for extension. *Olivo*, 918

S.W.2d at 522–25; *cf. Verburgt*, 959 S.W.2d at 617.

■ Appellant never filed a motion to extend time. Thus, his notice of appeal is untimely, and we are constrained by the rules and controlling authority of the court of criminal appeals to dismiss the appeals for want of jurisdiction. *See* Tex.R.App. P. 26.2, 43.2(f); *Olivo*, 918 S.W.2d at 526. We deny appellant's motion for leave and grant the State's motion to dismiss.