

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00084-CR

_____

ROBERT LEROY CLARK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Fifth Judicial District Court
Cass County, Texas
Trial Court No. 2004F00272

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Robert Leroy Clark attempts to appeal his conviction by a jury for the offense of aggravated assault causing serious bodily injury by use of a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (Vernon Supp. 2008). Clark's sentence was imposed March 5, 2009. His notice of appeal was dated April 14, 2009, and filed April 16, 2009. We received the clerk's record May 8, 2009. The issue before us is whether Clark timely filed his notice of appeal. We conclude that he did not and dismiss the attempted appeal for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) of the Texas Rules of Appellate Procedure prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect an appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a); *Olivo*, 918 S.W.2d at 522. The record does not contain any motion for new trial. The last date Clark could timely file his notice of appeal was April 6, 2009, thirty days after the day the sentence was imposed in open court. *See* TEX. R. APP. P. 4.1, 26.2(a)(1). Further, no motion for extension of time was filed in this Court within fifteen days of the last day allowed for filing the notice of appeal.

In reviewing the record, we also noted that Clark filed a post-conviction application for a court-appointed attorney.[1] This Court held in *Massey v. State*, 759 S.W.2d 18 (Tex. App.—Texarkana 1988, no pet.), that a request for appointment of counsel was sufficient to confer jurisdiction. *Massey* is distinguishable, however, because Massey had also requested within that motion a copy of the record, and that record contained the district clerk's written acknowledgment that Massey orally gave notice of appeal. In the case now before us, Clark's application for court-appointed attorney indicates no desire to appeal. An affidavit of indigence and request for appointment of appellate counsel alone cannot serve as the notice of appeal or as a motion for extension of time. *Jarrels v. State*, No. 01-01-00721-CR, 2001 WL 1301636 (Tex. App.—Houston [1st Dist.] Oct. 25, 2001, no pet.) (mem. op., not designated for publication); *Rivera v. State*, 940 S.W.2d 148 (Tex. App.—San Antonio 1996, no pet.).

---

[1]Clark was not found indigent by the trial court, and his application was denied.

Clark has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of jurisdiction.[2]

                                             Bailey C. Moseley
                                             Justice

Date Submitted:     May 14, 2009
Date Decided:       May 15, 2009

Publish

---

[2]Clark may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008).