# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00722-CR

**Joe Pena, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NO. CR19,269, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In 1996, appellant pled guilty to aggravated sexual assault of a child and was placed on deferred adjudication for eight years. In 1998, the trial court adjudicated appellant's guilt and sentenced him to thirty years imprisonment. About one year later, appellant filed a notice of appeal, and we dismissed that appeal, explaining that we were without jurisdiction to consider appellant's complaints and that he must instead raise them by way of a post-conviction application for writ of habeas corpus. *See Pena v. State*, No. 03-99-00457-CR, 1999 Tex. App. LEXIS 6354, at *1-2 (Tex. App.—Austin Aug. 26, 1999, no pet.).

On November 15, 2012, appellant filed an "Untimely Notice of Appeal," asserting that his attorney had a conflict of interest and should not have been allowed to represent him, that his attorney failed to file a timely notice of appeal as requested, and that the trial court improperly considered extraneous offenses in deciding to revoke his deferred adjudication. As in appellant's

earlier attempt to appeal, we are without jurisdiction to consider the merits of appellant's complaints. Appellant must first seek and obtain permission from the court of criminal appeals to file an out-of-time appeal. *See Clark v. State*, 287 S.W.3d 355, 355-56 & n.2 (Tex. App.—Texarkana 2009, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012); *Pena*, 1999 Tex. App. LEXIS 6354, at \*1-2. We dismiss the appeal for want of jurisdiction. *See Clark*, 287 S.W.3d at 356.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed:   February 7, 2013

Do Not Publish