

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00576-CR

PATRICIA ELIZABETH HARKCOM                    APPELLANT

V.

THE STATE OF TEXAS                           STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12165

----------

## DISSENTING OPINION

----------

I respectfully dissent. Under the narrow facts presented here, I would hold that Appellant timely invoked the jurisdiction of this court over her appeal.

The pertinent facts are:

▪ October 2, 2012—Appellant was sentenced in open court, starting the thirty day timetable for filing a motion for new trial or a notice of appeal. *See* Tex. R. App. 21.4(a), 26.2(a).

▪October 31, 2012—the trial court signed its judgment of conviction in Appellant's case.

▪October 31, 2012—Appellant filed a one-page pro se form application for appointment of counsel that contains a form order at the bottom for the trial court to grant or deny the application.

▪October 31, 2012—the trial court granted Appellant's pro se application for appointment of counsel and appointed appellate counsel.[1]

▪November 1, 2012—Appellate counsel was notified that he was appointed to represent Appellant on appeal.

▪November 8, 2012—Appellate counsel filed a motion for new trial explaining that "[t]his motion, has not been filed within the 30 day period," that he was notified of his appointment to represent Appellant on November 1, 2012, and that the motion for new trial therefore "could not have been filed in the 30 day period."

▪November 8, 2012—Appellate counsel filed a notice of appeal.

▪December 3, 2012—the trial court conducted a hearing on Appellant's motion for new trial.

▪December 3, 2012—the trial court signed an order denying Appellant's motion for new trial.

Appellant had until November 1, 2012, to file her notice of appeal (or a motion for new trial), and the only document she filed with the trial court by that

---

[1]The trial court marked up the form, writing the word "Appeal" across the top of the application, crossing through the word "denying" in the title of the order, and handwriting in "on appeal," so that the title of the order at the bottom of the form reads "ORDER APPOINTING/~~DENYING~~ COUNSEL **ON APPEAL**." The order appointed counsel for Appellant on appeal and the order was also stamped filed in the trial court on October 31, 2012.

deadline was her application for appointment of counsel and a declaration of her inability to employ counsel. The majority holds that Appellant's application for appointment of counsel was insufficient to constitute a notice of appeal; I do not dispute that in most cases, an application for appointment of counsel will not indicate a desire to appeal sufficient to satisfy the notice of appeal requirement. *See* Tex. R. App. P. 25.2(c)(2) (providing that a notice of appeal is sufficient if it shows the party's desire to appeal from the judgment).

Here, however, the trial court did not enter a written judgment for twenty-nine days after sentencing Appellant in open court. One day before the thirty-day deadline to file a notice of appeal (or motion for new trial), the trial court entered its written judgment. On that same day, Appellant filed her application for appointment of counsel and a declaration of her inability to employ counsel. The trial court wrote in large black marker on the form application and order the words "Appeal" and "<u>ON</u> <u>APPEAL</u>." Appellant had not filed a motion for new trial or motion in arrest of judgment prior to requesting appointment of counsel on appeal, and considering that the deadline for filing such motions was the following day, what "desire" could have been expressed by her request for appointed counsel on appeal other than a desire to appeal the judgment signed that day? *Id.*; *see also* Tex. R. App. P. 21.4(a), 22.3; *cf. Jarrels v. State*, No. 01-01-00721-CR, 2001 WL 1301636, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2001, no pet.) (not designated for publication) (noting, in rejecting appellant's argument that request for appointment of appellate counsel constituted notice of

3

appeal, that appellant filed request on same day as motion for new trial and bill of exceptions and that, at that time, appellant did not know whether his motion for new trial would be granted or whether he would appeal the judgment).

The majority points to several cases from our sister courts holding that an application for appointment of counsel does not qualify as a notice of appeal. *See* Majority Op. @ 6–8. But in none of those cases was the judgment signed the day before the deadline to file a notice of appeal, and in none of those cases did the defendant request and the trial court grant appointed counsel for "APPEAL" the day before the deadline to file a notice of appeal. *Cf. Clark v. State*, 287 S.W.3d 355, 356 (Tex. App.—Texarkana 2009, no pet.); *Jarrels*, 2001 WL 1301636, at *1; *Rivera v. State*, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.); *Cooper v. State*, 917 S.W.2d 474, 477 (Tex. App.—Fort Worth 1996, pet. ref'd) ("We find that the order appointing counsel, *under these facts*, does not act as a substitute for a timely filed notice of appeal.") (emphasis added).

I recognize that the time period for filing a notice of appeal begins from the day that sentence is imposed, not from the date of the written judgment, *see* Tex. R. App. P. 26.2(a), but I also recognize that a defendant's notice of appeal must show a "desire to appeal *from the judgment*," Tex. R. App. P. 25.2(c)(2) (emphasis added); *see* Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2014) ("A judgment is the written declaration of the court signed by the trial judge

4

and entered of record . . . .").[2]  I further recognize that we are to apply the perfection-of-appeal rules "reasonably, yet liberally" so that the right of appeal is not lost by elevating form over substance.  *Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007).  Based on the unique facts here, where the written judgment was entered one day prior to the thirty-day deadline to appeal, where Appellant filed her application for appointed counsel that same day, and where the trial court twice indicated on that application that her request and the court's order was for "APPEAL," and liberally construing the perfection-of-appeals rules, I would hold that Appellant's application for appointment of counsel sufficiently showed her desire to appeal from the trial court's judgment.  *See* Tex. R. App. P. 25.2(c)(2).  Consequently, because she timely filed that application, I would not dismiss the appeal for want of jurisdiction.

Because the majority holds otherwise, I respectfully dissent.

/s/ Sue Walker
SUE WALKER
JUSTICE

PUBLISH

DELIVERED:  October 2, 2014

_____

[2]Thus, how could Appellant express a desire to appeal from the judgment until after it was entered?