PD-0180-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/19/2015 2:26:42 PM
Accepted 2/19/2015 2:32:33 PM
ABEL ACOSTA
CLERK

# PD-0180-15

## COURT OF CRIMINAL APPEALS OF TEXAS

## PATRICIA ELIZABETH HARKCOM, APPELLANT

## V.

## THE STATE OF TEXAS, APPELLEE

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

On Petition for Discretionary Review From
The Second Court of Appeals
In No. **02-12-00576-CR**
Affirming the Judgment in CR12165
In the 355th District Court
Hood County, Texas
Honorable Ralph Walton, Presiding

FILED IN
COURT OF CRIMINAL APPEALS

February 19, 2015

ABEL ACOSTA, CLERK

MITCHELL LEGAL SERVICES PLLC

RICHARD MITCHELL # 24047319
ATTORNEY
211 S Rusk St
Weatherford, Texas 76086
817 594 1088
Fax 817 585 4778

## ORAL ARGUMENT IS REQUESTED

# Table of Contents

Identities of Parties and Counsel .................................................... iii

Index of Authorities ...................................................................... iv

Statement Regarding Oral Argument ............................................ 1

Statement of the Case.................................................................. 1

Statement of Procedural History.................................................. 3

Ground(s) for Review .................................................................. 4

Question(s) for Review................................................................. 5

**Did the Court of Appeals disregard the perfection of appeal rules set forth in *Few v. State,*230 S.W.3d 184 (Tex. Crim. App. 2007) and Texas Rules of Appellate Procedure 25.2(c)(2)?** ..................................................................... 5

Argument ................................................................................... 5

Conclusion and Prayer for Relief.................................................. 9

Signature.................................................................................... 9

Certificate of Service.................................................................. 10

Certificate of Compliance…………………………………………………11

Opinion...................................................................................... App. A

# IDENTITY OF PARTIES AND COUNSEL

## APPELLANT

Patricia Elizabeth Harkcom
Unknown

## Trial Court

| | |
|---|---|
| 355th District Court | Ralph Walton (Presiding) |
| Hood County Courthouse | 817 579 3233 |
| 1200 Pearl St Granbury Tx | |

## Counsel:

| | |
|---|---|
| Attorney for the Appellant (appeal): | Richard Mitchell<br>Attorney At Law<br>Texas Bar No. 24047319<br>211 S Rusk St<br>Weatherford, Texas 76086<br>(817) 594-1088<br>(817) 585-4778 fax |
| Attorney for the Appellant (trial): | Andrew Ottaway<br>Texas Bar No. 015342850<br>PO Box<br>Granbury Tx 76048<br>(817) 573-7823 |
| Attorneys for Appellee: | Megan Chalifoux<br>Hood County Courthouse<br>1200 Pearl Street<br>Granbury, Texas 76048<br>(817) 579-3245 |

# Index to Authorities

**Cases:**

*Few v. State*, 230 S.W.3d 184 (Tex. Crim. App. 2007)................... 10

*Clark v. State,* 287 S.W.3d 355(Tex. App.—Texarkana 2009, no pet.)... .................................................................................. 7

*Jones v. State, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003)* ............ 8

*Roberts v. State,* 270 S.W.3d 662 (Tex. App.—San Antonio 2008, no pet.)................................................................................. 8

**Statutes:**

Tex R. App P. 25.2(c)(2) ................................................................ 4

## Statement Regarding Oral Argument

Ms. Harkcom requests oral argument upon the important issue presented in this petition. The denial of the right to appeal her conviction has serious constitutional implications for other Appellants throughout the State of Texas.

## Statement of the Case

On 31 December 2011, a Texas trooper detained Ms. Julie Underhill for an equipment violation on her company's car.[1] The trooper escorted her to his patrol car to be interviewed. [2] He noticed her past arrests and an old drug conviction, so he asks her for consent to search the car.[3] Ms. Underhill declined the trooper's invitation to search her vehicle. The trooper called for a K-9 to perform an open air search.[4] While waiting, Ms. Underhill tells the trooper that other employees of the company she works for use narcotics and has access to the same vehicle.[5] The trooper attempts to convince Ms. Underhill that if there is something that the other employees use or possess then she shouldn't have been riding around with it and she wouldn't be in

---

[1] R.R. 3-20

[2] R.R. 3-22.

[3] R.R. 3-28.

[4] R.R. 3-29.

[5] C.R. 6, State's Exhibit 2 11:00-15:30

trouble[6]  Ms. Underhill continued to say that she doesn't know what is in there and there are a number of employees who drive that vehicle on a daily basis.[7]  Trooper testified that the driver has aged dramatically which led him to believe that she is a user of illicit drugs.[8]  Later, another officer came on the scene and saw drug paraphernalia behind the back seat of the vehicle which led to a full search of the vehicle.[9]  A small quantity of what was purported to be methamphetamine was found also behind the back seat of the vehicle.[10]  Appellant was a passenger in the car while Ms. Underhill was being investigated.[11]  Upon finding the drugs both were arrested.[12]  Ms. Underhill was never prosecuted.[13]

Richard Trotter testified at the Motion for New Trial.  Mr. Trotter testified that he owns the vehicle that Ms. Underhill drove the day she and the Appellant was arrested.[14]  He testified that there were at least

---

[6] *Id.*
[7] *Id.*
[8] R.R. 3-56-57, C.R. 6, State's Exhibit 2 34:00-35:00
[9] R.R. 3-44
[10] R.R. 3-44, 47
[11] R.R. 3-22
[12] R.R. 3-31
[13] R.R. 4-20
[14] R.R. 4-9

nineteen of his employees who drove the vehicle on a daily basis.[15]

Finally, he testified that the Appellant did not drive the vehicle and was not employed by him.[16] The Appellant was convicted and sentenced by a jury on 2 October 2012. The trial court signed and filed its judgment of conviction on 31 October 2012 while presumably sending the Appellant a copy while she was in the county jail.[17] That same day, the Appellant a county inmate without access to an attorney, legal materials and who is described by her trial attorney as "having some deficits" communicated her desire to appeal through the only paperwork that is given to them from the Hood County Court system.[18]

Appointed counsel was appointed the next day and filed the motion for new trial on 8 November 2012.

The Court of Appeals found that the appeal should be dismissed for want of jurisdiction.

## Statement of Procedural History

The Appellant was convicted on 2 October 2012. Appellant filed a court supplied application for appellate counsel because she wanted to

---

[15] *Id.*
[16] *Id.*
[17] Appellant's trial counsel did not apply for an appeal bond.
[18] R.R. 4: 39, CR 1

appeal her case.  On 3 December 2012, the trial court denied

Appellant's motion for new trial.  After briefing and oral argument the

2nd Court of Appeals in a split decision dismissed the appeal for want of

jurisdiction on 2 October 2014.  En Banc reconsideration was denied on

15 January 2015.

## Ground(s) for Review

1)  The Justices of the Second Court of Appeals have disagreed on a material question of law necessary to the court's decision.[19] See Tex. R. App. P. 66.3(e).

2)  The Justices of the Second Court of Appeals have misconstrued a statute that would have disastrous effects on Pro Se litigants.[20]

---

[19] Tex. R. App. P. 66.3(e) and C.R.
[20] Tex. R. App. P. 66.3(d) and C.R.

## Issues Presented for Review

I. **Did the Court of Appeals disregard the perfection of appeal rules set forth in *Few v. State,*230 S.W.3d 184 (Tex. Crim. App. 2007) and Texas Rules of Appellate Procedure 25.2(c)(2)?**

## Argument

An appeal is perfected if the notice shows the party's desire to appeal from the judgment.[21]  This idea restated beautifully by this Court suggest "...that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."[22]

This appeal is an example of an incarcerated, indigent, inexperienced, pro se citizen who, in a bona fide attempt to invoke the Second Court of Appeals jurisdiction, was turned away because for some it's easier "to elevate form over substance."

After her conviction and sentence, Ms. Harckom sat in the Hood county jail for 29 days before she was presented with the judgment of conviction and associated paperwork.[23]  We can safely presume she sat

---

[21] Tex. R. App Pro 25.2(c)(2)
[22] *Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007)
[23]  C.R. 19

5

there without the guidance of an attorney at this critical stage.[24]  That very day she sent jail provided paperwork to the trial court requesting it for an attorney to appeal her case.[25]  The Trial Court knew she wanted to appeal her case and wrote APPEAL in big block letters.[26]  It appointed an attorney that same day.

The Appellant's argument is simple.  Considering the totality of the circumstances of this case, did the Appellant make a bona fide attempt to invoke the appellate court's jurisdiction when she filed her application?

The Appellate court cites a plethora of cases that were decided prior to this Court's *Few* opinion.  It also cites opinions after *Few* which cannot and should not be considered as a bright line rule, since in the *Few* opinion,  this Court held that a Court of Appeals should look at any instrument filed by an appellant to see if it was a bona fide attempt to invoke their jurisdiction.  In this case that instrument was a timely filed affidavit of indigence and request for counsel that we can reasonably presume based on the totality of the circumstances was an attempt to appeal her conviction.

---

[24]  Majority Op. 3
[25]  C.R. 26
[26]  *ID*

6

The request was acted upon by the trial court where he wrote appeal. The 355th District Court trial judge knew exactly what the Appellant wanted when he wrote APPEAL on the order. You are not going too far out on a limb when you consider that, if the trial court knew her desire, this Court would agree that the pro se Appellant, attempted to appeal her case, during this critical stage the very day she received the judgment with other associated paperwork.

This Court should refrain from a bright line holding that an affidavit and request for appellate counsel is not a bona fide attempt to invoke the jurisdiction as cited by the Second Court of Appeals.[27] The Second Court depended on these cases and suggested a bright line rule whereby an affidavit and request is not a notice of appeal.

In *Clark* the Appellant filed an application for an attorney after his conviction and was denied. The Texarkana Court in a short terse opinion followed the unpublished opinion in *Jarrels* which also followed a bright line rule.[28] The Clark opinion failed to acknowledge *Few*.

---

[27] *Clark v. State,* 287 S.W.3d 355 356(Tex. App.—Texarkana 2009, no pet.), *Roberts v. State,* 270 S.W.3d 662, 665 (Tex. App.—San Antonio 2008, no pet.).
[28] *Clark* 287 S.W.3d 355 citing *Jarrles v. State,* 2001 WL 1301636 (Tex. App.—Houston[1st Dist.] Oct 25 2001. No. pet.)

The Second Court also cited *Roberts* for the same proposition as *Clark*.[29] Interestingly in *Roberts* the San Antonio Court remarked "The word appeal is never mentioned in the document." We can conclude from the holding that if the word "Appeal" showed up in the document then they could have considered and maybe even held in light of *Few* that the appellant manifested a desire to appeal her case.

Finally the Second Court cited *Jones* which concluded that his **Attorney's** motion to withdraw and request for court appointed counsel was not a written notice of appeal.[30] Well we don't have that in this case. In this case the Appellant herself without counsel tried to appeal her case the only way she knew how and that was through her. And most importantly in *Jones,* this Court said "The language of the motion and affidavit makes clear the appellant's desire to appeal."[31] Therefor I'm at a loss of how in *Jones* the appellant's affidavit was evidence of a desire to appeal but this Appellant's request for APPELLATE counsel was not.

---

[29] *Roberts at* 665
[30] Maj. Op 8
[31] *Jones v. State, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003)*

8

## Conclusion and Prayer

The Court should GRANT this petition permit the parties to fully brief the issue, ultimately REVERSE this cause and REMAND the case to the court of appeals.

Respectfully submitted,

MITCHELL LEGAL SERVICES PLLC
211 S Rusk St
Weatherford, Texas 76086
Phone: (817) 594-1088
Fax (817) 585 4778
Richard@richardmitchelllaw.com


_/s/Richard Mitchell_____
Richard Mitchell
TX Bar No. 24047319
ATTORNEY FOR APPELLANT


## Certificate of Service

On the 13 day of February, 2015, a copy of the foregoing document was served upon opposing (Local and State )counsel.


__/s/Richard Mitchell_____
Richard Mitchell

## Certificate of Compliance

I hereby certify that this document contains 1735 words in 14pt Century Schoolbook font.

\_\_\_/S/ Richard Mitchell



## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00576-CR

PATRICIA ELIZABETH HARKCOM                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12165

----------

## OPINION

----------

Appellant Patricia Elizabeth Harkcom attempts to appeal her state-jail-felony conviction and twenty-four month sentence for possessing less than a gram of methamphetamine.[1]   Because appellant did not timely file a notice of

---

[1]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a)–(b) (West 2010).

appeal or a motion for an extension of time to file the notice of appeal, we must dismiss the appeal.[2]

## Background Facts

A grand jury indicted appellant for possessing less than a gram of methamphetamine. Appellant retained counsel. At a jury trial, she pled not guilty. On October 2, 2012, the parties presented evidence and arguments on appellant's guilt and punishment to the jury. The jury found appellant guilty and assessed her punishment at twenty-four months' confinement (the maximum for a state jail felony) and a $2,250 fine (less than the maximum).[3] The trial court sentenced appellant in accordance with the jury's verdicts.

After the trial court sentenced appellant on October 2, on the same day, it certified her right to appeal. Appellant and her trial counsel signed the certification, which recited that appellant had been informed of her rights concerning an appeal.

The trial court signed and filed its judgment of conviction on October 31, 2012. That day, appellant, acting pro se, filed an application for appointment of

---

[2]This case was originally submitted on September 17, 2013. On June 10, 2014, the court, on its own motion, ordered the appeal to be resubmitted on July 1, 2014; assigned this case to a new panel; and assigned the undersigned to author the opinion.

[3]*See* Tex. Penal Code Ann. § 12.35(a) (West Supp. 2014).

counsel and a declaration of her inability to employ counsel.[4] The application stated, "I have been advised of my right to representation by counsel *in the trial of the charge* pending against me. I certify that I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me." [Emphasis added.] The application did not express appellant's desire to appeal. The trial court granted the application and appointed counsel. On its order, the judge handwrote "ON APPEAL" to the end of typed words stating "ORDER APPOINTING COUNSEL."

On November 8, 2012, appellant, through newly-appointed counsel, filed several documents, including designations of matters for inclusion in the appellate record, a notice of appeal, and a combined motion for new trial and motion in arrest of judgment. The notice of appeal stated that appellant had already sought an appeal through her request for counsel. The motion for new trial/motion in arrest of judgment, which was untimely filed,[5] alleged that the jury's verdict was contrary to the law and the evidence, that a new trial was warranted in the interests of justice, and that appellant had not received effective assistance from her trial counsel.

The trial court set a December 2012 hearing on appellant's combined posttrial motions. At the hearing, appellant focused her presentation of evidence

---

[4]The record does not contain a motion or order permitting the withdrawal of appellant's trial counsel.

[5]*See* Tex. R. App. P. 21.4(a), 22.3.

3

on alleged ineffectiveness of her trial counsel. Specifically, she appeared to contend that her trial counsel, who was still representing her on other charges, was ineffective for not calling two witnesses and for failing to attempt to negotiate a favorable plea agreement. The trial court denied the combined motions on December 3, 2012.

## Jurisdiction

A notice of appeal that complies with the requirements of the rules of appellate procedure is essential to vest this court with jurisdiction. *See* Tex. R. App. P. 25.2(b); *Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). When a notice of appeal is not timely filed, we must dismiss the appeal for lack of jurisdiction. *Castillo*, 369 S.W.3d at 198; *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). Only the court of criminal appeals may grant an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (West Supp. 2014); *Olivo*, 918 S.W.2d at 525 n.8; *Wade v. State*, No. 02-14-00004-CR, 2014 WL 1999308, at *1 (Tex. App.—Fort Worth May 15, 2014, no pet.) (mem. op., not designated for publication).

When a defendant has not filed a timely motion for new trial, the defendant must file a notice of appeal within thirty days after the day the trial court imposed its sentence in open court. Tex. R. App. P. 26.2(a)(1). Thus, because the trial court sentenced appellant on October 2, 2012 and she did not timely file a motion for new trial, her notice of appeal was due by November 1, 2012. *See* Tex. R.

4

App. P. 4.1(a), 26.2(a)(1). The only document that appellant filed between her date of sentencing and November 1, 2012 was her application for appointment of counsel. And although appellant filed a notice of appeal in the trial court within fifteen days after the November 1, 2012 deadline, she did not, as required by rule of appellate procedure 26.3, file a motion for extension of time in this court during that same time period.[6] *See* Tex. R. App. P. 26.3(b); *Castillo*, 369 S.W.3d at 201; *Olivo*, 918 S.W.2d at 523 ("When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction.").

In responding to our jurisdictional inquiries, appellant contends only that the application for appointment of counsel qualifies as a timely notice of appeal; she does not contend that rule 26.3 allows for an extension of time to file the notice of appeal under the circumstances of this case. Several intermediate appellate courts have examined, under various circumstances, whether an

_____

[6]Moreover, we did not receive a copy of the notice of appeal until December 2012. We sent a letter to appellant's counsel in January 2013 to express our concern that we lack jurisdiction over the appeal. Appellant responded to our letter that same month, contending that her application for appointment of counsel qualified as a timely notice of appeal. We informed appellant in February 2013 that we would continue the appeal, and we eventually received briefs on the merits, in which appellant raised one issue alleging ineffective assistance of her trial counsel. In June 2014, by order, we resubmitted this appeal and assigned it to the current panel. Thereafter, we again sent appellant a letter expressing our concern that we lack jurisdiction.

application for appointment of counsel, or a similar document, may qualify as a notice of appeal.

For example, in *Clark v. State*, the Texarkana court held that a postconviction application for a court-appointed attorney, standing alone, did not qualify as a notice of appeal. 287 S.W.3d 355, 356 (Tex. App.—Texarkana 2009, no pet.). The court distinguished one of its prior cases, in which it had held that a notice of appeal had been filed when a postconviction request for appointed counsel was joined with a request for a copy of the record and with a district clerk's written acknowledgement that the defendant had given oral notice of intent to appeal. *See id.* (citing *Massey v. State*, 759 S.W.2d 18, 19 (Tex. App.—Texarkana 1988, no pet.)); *see also Baez v. State*, 235 S.W.3d 839, 840– 41 (Tex. App.—Texarkana 2007, pet. ref'd) (concluding that a postconviction motion to withdraw as counsel, which included language expressing the defendant's desire to appeal, was not a notice of appeal).[7]

---

[7]As explained in *Baez*, if courts deem language in such a motion as constituting a notice of appeal,

> practically any language contained within any type of document that indicate[s] that [a defendant is] considering filing an appeal would be sufficient to serve as a notice of appeal. . . . [T]o do so would be tantamount of dispensing with the necessity of filing any such notice. Without direction from the Texas Court of Criminal Appeals, [courts should] not saddle [themselves] with the added responsibility of exploring every nook and cranny of a record—even in unlikely places—to seek out language that might be stretched to conceivably serve as a "notice of appeal."

235 S.W.3d at 841.

6

Likewise, the San Antonio court of appeals has held that a combined pauper's oath and request for appellate counsel, standing alone, does not qualify as a notice of appeal. *See Rivera v. State*, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.); *see also Roberts v. State*, 270 S.W.3d 662, 665 (Tex. App.—San Antonio 2008, no pet.) (op. on reh'g) (following *Rivera* and holding that a statement of inability to afford counsel was insufficient to serve as a notice of appeal, even when construed liberally).

Under similar facts, other intermediate courts, including our own, have reached decisions in accordance with the conclusions in *Clark* and *Rivera*. *See, e.g.*, *Currie v. State*, No. 09-06-00225-CR, 2006 WL 2506419, at *1 (Tex. App.—Beaumont Aug. 30, 2006, no pet.) (mem. op., not designated for publication) (concluding that a pauper's oath and order appointing counsel on appeal were insufficient to serve as a notice of appeal and noting that the court of criminal appeals has held the same); *Alejandro v. State*, No. 14-06-00539-CR, 2006 WL 2074819, at *1 (Tex. App.—Houston [14th Dist.] July 27, 2006, pet. ref'd) (mem. op., not designated for publication) (declining to consider a pauper's oath and a designation of record on appeal as a timely notice of appeal); *Jarrels v. State*, No. 01-01-00721-CR, 2001 WL 1301636, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2001, no pet.) (not designated for publication) (refusing to consider a "request for the appointment of appellate counsel as the functional equivalent of

7

a notice of appeal");[8] *Rodriguez-Banda v. State*, No. 04-96-00762-CR, 1997 WL 136517, at *1 (Tex. App.—San Antonio Mar. 26, 1997, no pet.) (not designated for publication) ("[N]either an affidavit of indigency nor a request for appointment of appellate counsel can serve as a notice of appeal . . . ."); *Cooper v. State*, 917 S.W.2d 474, 477 (Tex. App.—Fort Worth 1996, pet. ref'd) ("We find that the order appointing counsel . . . does not act as a substitute for a timely filed notice of appeal."); *Williford v. State*, 909 S.W.2d 604, 605 (Tex. App.—Austin 1995, no pet.).

The court of criminal appeals has also indicated that documents similar to appellant's application for appointment of counsel do not perfect an appeal. For example, in *Jones v. State*, although the defendant (through his trial counsel) had filed a postconviction request for appointed appellate counsel within thirty days of sentencing, the court stated that appellant had not filed a "written notice of appeal" and instead granted an out-of-time appeal. 98 S.W.3d 700, 702–04 (Tex. Crim. App. 2003). Similarly, fifteen years earlier, that court concluded that although a defendant had filed a pauper's oath and request for counsel on the day he was sentenced, he had not perfected an appeal. *See Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988) (affirming a court of appeals's dismissal of

---

[8]The *Jarrels* court noted that on the same day that Jarrels had filed the request for appointment of counsel, he had also filed a motion for new trial. 2001 WL 1301636, at *1. As the court explained, "[a]t that time, [Jarrels] did not know whether his motion for new trial would be granted, or whether he would appeal the judgment." *Id.*

8

an appeal for want of jurisdiction); *see also id.* at 100 (Teague, J., dissenting) (attaching, as an appendix, a pauper's oath and request for counsel along with the trial court's order appointing counsel "ON APPEAL").

We recognize that a notice of appeal is sufficient when it shows a defendant's desire to appeal. *See* Tex. R. App. P. 25.2(c)(2); *Gonzales v. State*, 421 S.W.3d 674, 675 (Tex. Crim. App. 2014). But appellant's application for counsel did not necessarily show her desire to appeal; instead, it showed only her desire for the appointment of counsel, from which an appeal, a successful or unsuccessful motion for new trial, a successful or unsuccessful motion in arrest of judgment,[9] or perhaps nothing (after consultation with counsel and counsel's review of the trial court's proceedings) may follow. Contrary to appellant's contention in oral argument, there may be reasons for requesting appointment of counsel after sentence has been pronounced other than immediately bringing an appeal.

Also, we cannot conclude that the trial court's handwritten reference to an appeal on the order granting appellant's application is determinative. This reference does not necessarily reflect the trial court's understanding of appellant's present intent to appeal; it may, instead, reflect the court's acknowledgement that appellant would need counsel if she later decided to appeal.

---

[9]In the event a defendant prevails in such a motion, an appeal is obviously unnecessary.

9

Finally, we recognize that in recent years, the court of criminal appeals has explained that we should liberally construe rules related to the perfection of an appeal. *See Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007). Nonetheless, the court's cases do not dispense with the requirement of a bona fide notice of appeal. *See id.* at 189–90 (noting that the rules "retain the requirement of notice of appeal" but holding that an unquestioned notice of appeal was sufficient to appeal the defendant's conviction although the defendant filed the notice of appeal under a wrong cause number); *see also Taylor v. State*, 424 S.W.3d 39, 41, 44–46 (Tex. Crim. App. 2014) (concluding that an unquestioned notice of appeal was sufficient to invoke jurisdiction although it was mistakenly sent to a court of appeals and later forwarded to a trial court); *Gonzales*, 421 S.W.3d at 674 (holding that an unquestioned notice of appeal in one cause number was sufficient to bring appeals in three related cases). Despite liberal construction of the rules, the court of criminal appeals has not dispensed with them altogether; it still dismisses appeals when there is no timely notice of appeal. *See Castillo*, 369 S.W.3d at 202–03; *Shute*, 744 S.W.2d at 97.

For all of these reasons, following the rationale in the cases above, we cannot conclude that appellant's application for appointment of counsel qualifies as a timely notice of appeal. *See* Tex. R. App. P. 25.2(c)(2), 26.2(a)(1). Because the record does not contain a timely notice of appeal or a timely motion for extension of time to file a notice of appeal, we dismiss the appeal for want of

10

jurisdiction.  *See* Tex. R. App. P. 25.2(b), 26.2(a)(1), 26.3(b), 43.2(f); *Taylor*, 424

S.W.3d at 43; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

WALKER, J., filed a dissenting opinion.

PUBLISH

DELIVERED:  October 2, 2014



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00576-CR

PATRICIA ELIZABETH HARKCOM              APPELLANT

V.

THE STATE OF TEXAS                           STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12165

----------

## DISSENTING OPINION

----------

I respectfully dissent. Under the narrow facts presented here, I would hold that Appellant timely invoked the jurisdiction of this court over her appeal.

The pertinent facts are:

▪ October 2, 2012—Appellant was sentenced in open court, starting the thirty day timetable for filing a motion for new trial or a notice of appeal. *See* Tex. R. App. 21.4(a), 26.2(a).

▪October 31, 2012—the trial court signed its judgment of conviction in Appellant's case.

▪October 31, 2012—Appellant filed a one-page pro se form application for appointment of counsel that contains a form order at the bottom for the trial court to grant or deny the application.

▪October 31, 2012—the trial court granted Appellant's pro se application for appointment of counsel and appointed appellate counsel.[1]

▪November 1, 2012—Appellate counsel was notified that he was appointed to represent Appellant on appeal.

▪November 8, 2012—Appellate counsel filed a motion for new trial explaining that "[t]his motion, has not been filed within the 30 day period," that he was notified of his appointment to represent Appellant on November 1, 2012, and that the motion for new trial therefore "could not have been filed in the 30 day period."

▪November 8, 2012—Appellate counsel filed a notice of appeal.

▪December 3, 2012—the trial court conducted a hearing on Appellant's motion for new trial.

▪December 3, 2012—the trial court signed an order denying Appellant's motion for new trial.

Appellant had until November 1, 2012, to file her notice of appeal (or a motion for new trial), and the only document she filed with the trial court by that

---

[1]The trial court marked up the form, writing the word "Appeal" across the top of the application, crossing through the word "denying" in the title of the order, and handwriting in "on appeal," so that the title of the order at the bottom of the form reads "ORDER APPOINTING/~~DENYING~~ COUNSEL **ON APPEAL**." The order appointed counsel for Appellant on appeal and the order was also stamped filed in the trial court on October 31, 2012.

deadline was her application for appointment of counsel and a declaration of her inability to employ counsel. The majority holds that Appellant's application for appointment of counsel was insufficient to constitute a notice of appeal; I do not dispute that in most cases, an application for appointment of counsel will not indicate a desire to appeal sufficient to satisfy the notice of appeal requirement. *See* Tex. R. App. P. 25.2(c)(2) (providing that a notice of appeal is sufficient if it shows the party's desire to appeal from the judgment).

Here, however, the trial court did not enter a written judgment for twenty-nine days after sentencing Appellant in open court. One day before the thirty-day deadline to file a notice of appeal (or motion for new trial), the trial court entered its written judgment. On that same day, Appellant filed her application for appointment of counsel and a declaration of her inability to employ counsel. The trial court wrote in large black marker on the form application and order the words "Appeal" and "<u>ON</u> <u>APPEAL</u>." Appellant had not filed a motion for new trial or motion in arrest of judgment prior to requesting appointment of counsel on appeal, and considering that the deadline for filing such motions was the following day, what "desire" could have been expressed by her request for appointed counsel on appeal other than a desire to appeal the judgment signed that day? *Id.*; *see also* Tex. R. App. P. 21.4(a), 22.3; *cf. Jarrels v. State*, No. 01-01-00721-CR, 2001 WL 1301636, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2001, no pet.) (not designated for publication) (noting, in rejecting appellant's argument that request for appointment of appellate counsel constituted notice of

3

appeal, that appellant filed request on same day as motion for new trial and bill of exceptions and that, at that time, appellant did not know whether his motion for new trial would be granted or whether he would appeal the judgment).

The majority points to several cases from our sister courts holding that an application for appointment of counsel does not qualify as a notice of appeal. *See* Majority Op. @ 6–8. But in none of those cases was the judgment signed the day before the deadline to file a notice of appeal, and in none of those cases did the defendant request and the trial court grant appointed counsel for "APPEAL" the day before the deadline to file a notice of appeal. *Cf. Clark v. State*, 287 S.W.3d 355, 356 (Tex. App.—Texarkana 2009, no pet.); *Jarrels*, 2001 WL 1301636, at *1; *Rivera v. State*, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.); *Cooper v. State*, 917 S.W.2d 474, 477 (Tex. App.—Fort Worth 1996, pet. ref'd) ("We find that the order appointing counsel, *under these facts*, does not act as a substitute for a timely filed notice of appeal.") (emphasis added).

I recognize that the time period for filing a notice of appeal begins from the day that sentence is imposed, not from the date of the written judgment, *see* Tex. R. App. P. 26.2(a), but I also recognize that a defendant's notice of appeal must show a "desire to appeal *from the judgment*," Tex. R. App. P. 25.2(c)(2) (emphasis added); *see* Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2014) ("A judgment is the written declaration of the court signed by the trial judge

4

and entered of record . . . .").[2]  I further recognize that we are to apply the perfection-of-appeal rules "reasonably, yet liberally" so that the right of appeal is not lost by elevating form over substance.  *Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007).  Based on the unique facts here, where the written judgment was entered one day prior to the thirty-day deadline to appeal, where Appellant filed her application for appointed counsel that same day, and where the trial court twice indicated on that application that her request and the court's order was for "APPEAL," and liberally construing the perfection-of-appeals rules, I would hold that Appellant's application for appointment of counsel sufficiently showed her desire to appeal from the trial court's judgment.  *See* Tex. R. App. P. 25.2(c)(2).  Consequently, because she timely filed that application, I would not dismiss the appeal for want of jurisdiction.

Because the majority holds otherwise, I respectfully dissent.


/s/ Sue Walker
SUE WALKER
JUSTICE


PUBLISH

DELIVERED:  October 2, 2014

---

[2]Thus, how could Appellant express a desire to appeal from the judgment until after it was entered?

5



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00576-CR

| | | |
|---|---|---|
| Patricia Elizabeth Harkcom | § | From the 355th District Court |
| | § | of Hood County (CR12165) |
| | § | October 2, 2014 |
| v. | § | Opinion by Chief Justice Livingston |
| | § | Dissent by Justice Walker |
| The State of Texas | § | (p) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed.

SECOND DISTRICT COURT OF APPEALS


By  /s/ Terrie Livingston
        Chief Justice Terrie Livingston