

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00200-CR

_____

ELMER LAREZ-RIVERO, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. F21-2054-462

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Elmer Larez-Rivero attempts to appeal from his October 15, 2021 conviction for indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11. Because Larez-Rivero did not file a motion for new trial, his notice of appeal was due no later than November 15, 2021. *See* Tex. R. App. P. 26.2(a)(1). Larez-Rivero's notice of appeal, however, was postmarked on November 18, 2021—three days after the deadline—and it was file-stamped by the trial-court clerk on December 6, 2021—twenty-one days after the deadline. *Cf.* Tex. R. App. P. 9.2(b); *Taylor v. State*, 424 S.W.3d 39, 46 (Tex. Crim. App. 2014).

Larez-Rivero's ability to appeal his conviction runs into further problems because it was made pursuant to a plea bargain. Larez-Rivero pleaded guilty to the underlying offense and signed a waiver of his right to appeal, and the trial court sentenced him accordingly. The trial court's certification of his right to appeal states that the case "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2).

On March 22, 2022, we notified Larez-Rivero that it appeared we lacked jurisdiction over this appeal because his notice of appeal was not timely filed and because the trial court's certification reflected that he had no right of appeal.[1] We advised him that this appeal could be dismissed unless he or any party desiring to

---

[1]Prior to our March 22, 2022 letter, we questioned our jurisdiction over this appeal in two other letters to Larez-Rivero.

continue the appeal filed a response showing grounds for continuing the appeal on or before April 1, 2022. *See* Tex. R. App. P. 44.3. Although we received a response from Larez-Rivero, it does not address our jurisdictional concerns or show grounds for continuing the appeal.

A timely notice of appeal is essential to vest this court with jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). Although we may extend the jurisdictional deadline if a notice of appeal is filed in the trial court within fifteen days of its due date, we may not do so in the absence of a motion requesting such relief. *See* Tex. R. App. P. 26.3; *Olivo*, 918 S.W.2d at 522; *Kessinger v. State*, 26 S.W.3d 725, 726 (Tex. App.—Fort Worth 2000, pet. ref'd) (per curiam). Here, Larez-Rivero did not file a motion for extension of time with his untimely notice of appeal.

Moreover, the right to appeal a conviction arising from a plea-bargain agreement is limited to matters that were raised by written motion filed and ruled upon before trial or to cases in which the appellant obtained the trial court's permission to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2). The trial court's certification in this case does not show that Larez-Rivero was granted permission to appeal, and the record does not indicate that Larez-Rivero intends to challenge a ruling on a written motion filed and ruled on before he pleaded guilty. Thus, because Larez-Rivero's appeal was untimely, and in accordance

3

with the trial court's certification, we dismiss Larez-Rivero's appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f); *Olivo*, 918 S.W.2d at 522–23.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 21, 2022