

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00399-CR

———————————————————

IVAN POWE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1766892

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Ivan Powe attempts to appeal his conviction for engaging in organized criminal activity. After Powe pleaded guilty and entered a plea of true to the repeat-offender notice, the trial court imposed Powe's thirty-year sentence of confinement on September 11, 2024. No motion for new trial was filed, so Powe's notice of appeal was due October 11, 2024; it was not filed until October 23, 2024. *See* Tex. R. App. P. 26.2(a)(1).

Two days after he filed his notice of appeal, we sent Powe a letter stating that the court was concerned that it may not have jurisdiction over his appeal because his notice of appeal was not timely filed. *See id.* Our letter also stated that the trial court's certification specified that this is a plea-bargain case and that Powe had no right of appeal. We instructed Powe or any party desiring to continue the appeal to file with the court a response showing grounds for continuing the appeal. We received no response.

A timely notice of appeal is essential to vest this court with jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). Although we may extend the jurisdictional deadline if a notice of appeal is filed in the trial court within fifteen days of its due date, we may not do so in the absence of a motion requesting such relief. *See* Tex. R. App. P. 26.3; *Olivo*, 918 S.W.2d at 522; *Kessinger v. State*, 26 S.W.3d 725, 726 (Tex. App.—Fort Worth 2000, pet. ref'd) (per curiam). Here, Powe did not file a motion for extension of time with his untimely notice of appeal.

Moreover, even if Powe's notice of appeal had been timely filed, he had no right of appeal from his plea bargain. The Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an appellant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). There is no exception for the trial court's refusal to grant permission to appeal. *See Estrada v. State*, 149 S.W.3d 280, 282 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (per curiam) (op. on reh'g); *see also Jones v. State*, No. 02-19-00268-CR, 2019 WL 3819509, at *1 (Tex. App.—Fort Worth Aug. 15, 2019, no pet.) (mem. op., not designated for publication). In this case, the trial court certified that this is a plea-bargain case and that Powe "has NO right of appeal." Because Powe's notice of appeal was not timely filed and because he has no right of appeal from his plea bargain, we dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(d); *Jones*, 2019 WL 3819509, at *1.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 19, 2024

3