**Rickey Lee MASSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–87–095–CR.**

Court of Appeals of Texas, Texarkana.

Sept. 27, 1988.

Brian W. Wice, Houston, for Massey.

John B. Holmes, Dist. Atty., Houston, for the State of Tex.

BLEIL, Justice.

Rickey Lee Massey, without the benefit of a plea agreement, pled nolo contendere before the trial court to the charge of murder. This appeal presents the question whether Massey perfected his appeal by giving a written notice of appeal.

On September 11, 1987, the trial court found Massey guilty and assessed punishment at thirty years' confinement. On October 27, 1987, the trial court overruled

Massey's motion for new trial. Massey gave oral notice of appeal; he also filed a written petition for appointment of counsel and for copies of the trial record.

This Court, in an unpublished opinion, dismissed this appeal on the ground that the record did not contain a written notice of appeal as required by Tex.R.App.P. 40(b)(1). Massey seeks reinstatement of his appeal, urging that the trial court clerk's certification of his oral notice of appeal was adequate to comply with the rule because it also contained his signature.

■■■ Tex.R.App.P. 40(b)(1) requires a defendant in a criminal case to file a written notice of appeal with the clerk of the trial court in order to perfect appeal. The rule further provides that the notice shall be sufficient if it shows the desire of the defendant to appeal. The record before us contains the district clerk's written acknowledgement that Massey orally gave notice of appeal. This same acknowledgment form was before the Court of Criminal Appeals in *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App.1988). In the present case, however, the acknowledgement form was signed by the appellant. Upon examination of the clerk's written acknowledgment form in *Shute*, the court concluded that the form was "merely an acknowl-

edgement by the court of receipt of appellant's oral notice. It was not an independent written notice of appeal as required by Tex.R.App.Pro. 40(b)(1)." *Id.*, at 97. On the basis of the *Shute* decision, we conclude that the trial court clerk's acknowledgement of receipt of Massey's oral notice of appeal is not an adequate written notice of appeal pursuant to Tex.R.App.P. 40(b)(1).

■■■ However, in addition to the clerk's acknowledgement form, Massey filed a written request for a copy of the record and for appointment of an attorney to represent him on appeal. We conclude that the language in that motion was adequate to show the desire of the defendant to appeal from the judgment and to serve as a written independent notice of appeal as required by Tex.R.App.P. 40(b)(1).

Accordingly, we hold that we have jurisdiction to hear this appeal, and we therefore reinstate the appeal.