NUMBER 13-00-534-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 
CALISTRO HERRERA , Appellant,
v.


THE STATE OF TEXAS, Appellee.

 
On appeal from the 347th District Court

of Nueces County, Texas.

 
O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez


By a single issue, appellant, Calistro Herrera, contends his plea of nolo contendere was involuntarily made because it was
the result of ineffective assistance of counsel. We dismiss for want of jurisdiction. 


A. BACKGROUND

On July 27, 1999, the appellant, Calistro Herrera, appeared before the 347th District Court of Nueces County, and pleaded
nolo contendrere to the charge of indecency with a child. (1) In accordance with a written plea agreement, entered into
between the State and the appellant, the trial court sentenced appellant to fifteen years imprisonment. Thereafter, appellant
perfected this appeal by filing a handwritten letter with the clerk of the trial court, wherein he expresses a desire to appeal
his conviction. In his brief, appellant complains that he was denied effective assistance of counsel, and that as a result, his
plea was not voluntarily.


B. JURISDICTION 

Before we reach the merits of this case, we must address this Court's jurisdiction to consider this appeal. Because appellant
appeals from a judgment rendered on a plea of nolo contendere pursuant to a plea bargain agreement, and the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, we must consider
the threshold issue of whether appellant's notice of appeal is sufficient to confer jurisdiction on this Court.

The record shows that appellant filed a handwritten letter that generally expresses his desire to appeal from his conviction
in cause number 99-CR-1363-H. This letter was properly construed as a notice of appeal. See Tex. R. App. P. 25.2(b)(2);
see also Massey v. State, 759 S.W.2d 18, 19 (Tex. App.-Texarkana 1988, no pet.) However, Rule 25.2(b)(3) of Texas Rules
of Appellate Procedure provides that following an agreed plea of guilty or nolo contendere, and where the punishment does
not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a notice of appeal must specify
that (1) the appeal is for a jurisdictional defect, (2) the substance of the appeal was raised by written motion and ruled on
before trial, or (3) state that the trial court granted permission to appeal. See Tex. R. App. P. 25.2(b)(3). Appellant failed
to comply with the specific notice requirements of Rule 25.2(b)(3).

We have previously held that this Court has jurisdiction to hear a challenge to the voluntariness of a guilty plea, even if the
appellant files a general notice of appeal. See Marshall v. State, 28 S.W.3d 634, 637 (Tex. App.--Corpus Christi 2000, no
pet.); Perez v. State, 28 S.W.3d 627, 632 (Tex. App.--Corpus Christi 2000, no pet.) (holding that this doctrine, first
espoused in Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996), survived the 1997 amendments to the rules of
appellate procedure). In its brief, the State acknowledges these decisions; however, after the filing of the briefs in this
cause, the Texas Court of Criminal Appeals issued its opinion in Cooper v. State, wherein the court held that when an
appellant fails to comply with the extra-notice requirements of Rule 25.2(b), the court of appeals lacks jurisdiction to
consider the appeal, even for voluntariness issues. See Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001) (holding
that Flowersdoctrine did not survive the amendment of the rules of appellate procedure and that Rule 25.2(b) does not
permit the voluntariness of a plea to be raised on appeal, unless the trial court has granted permission for an appeal).

Accordingly, we conclude that this Court does not have jurisdiction to address appellant's claims of ineffective assistance of
counsel, despite appellant's contention that his guilty plea was involuntarily made.

We dismiss this appeal for want of jurisdiction 

______________________________

ROGELIO VALDEZ

Chief Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 9th day of August, 2001.

1. Tex. Pen. Code §21.11(a)(1)(Vernon Supp. 2001).