

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00576-CR

PATRICIA ELIZABETH HARKCOM                                          APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
## TRIAL COURT NO. CR12165

----------

## OPINION

----------

Appellant Patricia Elizabeth Harkcom attempts to appeal her state-jail-felony conviction and twenty-four month sentence for possessing less than a gram of methamphetamine.[1]  Because appellant did not timely file a notice of

---

[1]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a)–(b) (West 2010).

appeal or a motion for an extension of time to file the notice of appeal, we must dismiss the appeal.[2]

## Background Facts

A grand jury indicted appellant for possessing less than a gram of methamphetamine. Appellant retained counsel. At a jury trial, she pled not guilty. On October 2, 2012, the parties presented evidence and arguments on appellant's guilt and punishment to the jury. The jury found appellant guilty and assessed her punishment at twenty-four months' confinement (the maximum for a state jail felony) and a $2,250 fine (less than the maximum).[3] The trial court sentenced appellant in accordance with the jury's verdicts.

After the trial court sentenced appellant on October 2, on the same day, it certified her right to appeal. Appellant and her trial counsel signed the certification, which recited that appellant had been informed of her rights concerning an appeal.

The trial court signed and filed its judgment of conviction on October 31, 2012. That day, appellant, acting pro se, filed an application for appointment of

---

[2]This case was originally submitted on September 17, 2013. On June 10, 2014, the court, on its own motion, ordered the appeal to be resubmitted on July 1, 2014; assigned this case to a new panel; and assigned the undersigned to author the opinion.

[3]*See* Tex. Penal Code Ann. § 12.35(a) (West Supp. 2014).

counsel and a declaration of her inability to employ counsel.[4] The application stated, "I have been advised of my right to representation by counsel *in the trial of the charge* pending against me. I certify that I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me." [Emphasis added.] The application did not express appellant's desire to appeal. The trial court granted the application and appointed counsel. On its order, the judge handwrote "ON APPEAL" to the end of typed words stating "ORDER APPOINTING COUNSEL."

On November 8, 2012, appellant, through newly-appointed counsel, filed several documents, including designations of matters for inclusion in the appellate record, a notice of appeal, and a combined motion for new trial and motion in arrest of judgment. The notice of appeal stated that appellant had already sought an appeal through her request for counsel. The motion for new trial/motion in arrest of judgment, which was untimely filed,[5] alleged that the jury's verdict was contrary to the law and the evidence, that a new trial was warranted in the interests of justice, and that appellant had not received effective assistance from her trial counsel.

The trial court set a December 2012 hearing on appellant's combined posttrial motions. At the hearing, appellant focused her presentation of evidence

---

[4]The record does not contain a motion or order permitting the withdrawal of appellant's trial counsel.

[5]*See* Tex. R. App. P. 21.4(a), 22.3.

on alleged ineffectiveness of her trial counsel. Specifically, she appeared to contend that her trial counsel, who was still representing her on other charges, was ineffective for not calling two witnesses and for failing to attempt to negotiate a favorable plea agreement. The trial court denied the combined motions on December 3, 2012.

## Jurisdiction

A notice of appeal that complies with the requirements of the rules of appellate procedure is essential to vest this court with jurisdiction. *See* Tex. R. App. P. 25.2(b); *Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). When a notice of appeal is not timely filed, we must dismiss the appeal for lack of jurisdiction. *Castillo*, 369 S.W.3d at 198; *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). Only the court of criminal appeals may grant an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (West Supp. 2014); *Olivo*, 918 S.W.2d at 525 n.8; *Wade v. State*, No. 02-14-00004-CR, 2014 WL 1999308, at *1 (Tex. App.—Fort Worth May 15, 2014, no pet.) (mem. op., not designated for publication).

When a defendant has not filed a timely motion for new trial, the defendant must file a notice of appeal within thirty days after the day the trial court imposed its sentence in open court. Tex. R. App. P. 26.2(a)(1). Thus, because the trial court sentenced appellant on October 2, 2012 and she did not timely file a motion for new trial, her notice of appeal was due by November 1, 2012. *See* Tex. R.

4

App. P. 4.1(a), 26.2(a)(1). The only document that appellant filed between her date of sentencing and November 1, 2012 was her application for appointment of counsel. And although appellant filed a notice of appeal in the trial court within fifteen days after the November 1, 2012 deadline, she did not, as required by rule of appellate procedure 26.3, file a motion for extension of time in this court during that same time period.[6]  *See* Tex. R. App. P. 26.3(b); *Castillo*, 369 S.W.3d at 201; *Olivo*, 918 S.W.2d at 523 ("When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction.").

In responding to our jurisdictional inquiries, appellant contends only that the application for appointment of counsel qualifies as a timely notice of appeal; she does not contend that rule 26.3 allows for an extension of time to file the notice of appeal under the circumstances of this case. Several intermediate appellate courts have examined, under various circumstances, whether an

---

[6]Moreover, we did not receive a copy of the notice of appeal until December 2012. We sent a letter to appellant's counsel in January 2013 to express our concern that we lack jurisdiction over the appeal. Appellant responded to our letter that same month, contending that her application for appointment of counsel qualified as a timely notice of appeal. We informed appellant in February 2013 that we would continue the appeal, and we eventually received briefs on the merits, in which appellant raised one issue alleging ineffective assistance of her trial counsel. In June 2014, by order, we resubmitted this appeal and assigned it to the current panel. Thereafter, we again sent appellant a letter expressing our concern that we lack jurisdiction.

5

application for appointment of counsel, or a similar document, may qualify as a notice of appeal.

For example, in *Clark v. State*, the Texarkana court held that a postconviction application for a court-appointed attorney, standing alone, did not qualify as a notice of appeal. 287 S.W.3d 355, 356 (Tex. App.—Texarkana 2009, no pet.). The court distinguished one of its prior cases, in which it had held that a notice of appeal had been filed when a postconviction request for appointed counsel was joined with a request for a copy of the record and with a district clerk's written acknowledgement that the defendant had given oral notice of intent to appeal. *See id.* (citing *Massey v. State*, 759 S.W.2d 18, 19 (Tex. App.—Texarkana 1988, no pet.)); *see also Baez v. State*, 235 S.W.3d 839, 840–41 (Tex. App.—Texarkana 2007, pet. ref'd) (concluding that a postconviction motion to withdraw as counsel, which included language expressing the defendant's desire to appeal, was not a notice of appeal).[7]

---

[7]As explained in *Baez*, if courts deem language in such a motion as constituting a notice of appeal,

> practically any language contained within any type of document that indicate[s] that [a defendant is] considering filing an appeal would be sufficient to serve as a notice of appeal. . . . [T]o do so would be tantamount of dispensing with the necessity of filing any such notice. Without direction from the Texas Court of Criminal Appeals, [courts should] not saddle [themselves] with the added responsibility of exploring every nook and cranny of a record—even in unlikely places—to seek out language that might be stretched to conceivably serve as a "notice of appeal."

235 S.W.3d at 841.

Likewise, the San Antonio court of appeals has held that a combined pauper's oath and request for appellate counsel, standing alone, does not qualify as a notice of appeal. *See Rivera v. State*, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.); *see also Roberts v. State*, 270 S.W.3d 662, 665 (Tex. App.—San Antonio 2008, no pet.) (op. on reh'g) (following *Rivera* and holding that a statement of inability to afford counsel was insufficient to serve as a notice of appeal, even when construed liberally).

Under similar facts, other intermediate courts, including our own, have reached decisions in accordance with the conclusions in *Clark* and *Rivera*. *See, e.g.*, *Currie v. State*, No. 09-06-00225-CR, 2006 WL 2506419, at *1 (Tex. App.—Beaumont Aug. 30, 2006, no pet.) (mem. op., not designated for publication) (concluding that a pauper's oath and order appointing counsel on appeal were insufficient to serve as a notice of appeal and noting that the court of criminal appeals has held the same); *Alejandro v. State*, No. 14-06-00539-CR, 2006 WL 2074819, at *1 (Tex. App.—Houston [14th Dist.] July 27, 2006, pet. ref'd) (mem. op., not designated for publication) (declining to consider a pauper's oath and a designation of record on appeal as a timely notice of appeal); *Jarrels v. State*, No. 01-01-00721-CR, 2001 WL 1301636, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2001, no pet.) (not designated for publication) (refusing to consider a "request for the appointment of appellate counsel as the functional equivalent of

a notice of appeal");[8] *Rodriguez-Banda v. State*, No. 04-96-00762-CR, 1997 WL 136517, at *1 (Tex. App.—San Antonio Mar. 26, 1997, no pet.) (not designated for publication) ("[N]either an affidavit of indigency nor a request for appointment of appellate counsel can serve as a notice of appeal . . . ."); *Cooper v. State*, 917 S.W.2d 474, 477 (Tex. App.—Fort Worth 1996, pet. ref'd) ("We find that the order appointing counsel . . . does not act as a substitute for a timely filed notice of appeal."); *Williford v. State*, 909 S.W.2d 604, 605 (Tex. App.—Austin 1995, no pet.).

The court of criminal appeals has also indicated that documents similar to appellant's application for appointment of counsel do not perfect an appeal. For example, in *Jones v. State*, although the defendant (through his trial counsel) had filed a postconviction request for appointed appellate counsel within thirty days of sentencing, the court stated that appellant had not filed a "written notice of appeal" and instead granted an out-of-time appeal. 98 S.W.3d 700, 702–04 (Tex. Crim. App. 2003). Similarly, fifteen years earlier, that court concluded that although a defendant had filed a pauper's oath and request for counsel on the day he was sentenced, he had not perfected an appeal. *See Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988) (affirming a court of appeals's dismissal of

---

[8]The *Jarrels* court noted that on the same day that Jarrels had filed the request for appointment of counsel, he had also filed a motion for new trial. 2001 WL 1301636, at *1. As the court explained, "[a]t that time, [Jarrels] did not know whether his motion for new trial would be granted, or whether he would appeal the judgment." *Id.*

an appeal for want of jurisdiction); *see also id.* at 100 (Teague, J., dissenting) (attaching, as an appendix, a pauper's oath and request for counsel along with the trial court's order appointing counsel "ON APPEAL").

We recognize that a notice of appeal is sufficient when it shows a defendant's desire to appeal. *See* Tex. R. App. P. 25.2(c)(2); *Gonzales v. State*, 421 S.W.3d 674, 675 (Tex. Crim. App. 2014). But appellant's application for counsel did not necessarily show her desire to appeal; instead, it showed only her desire for the appointment of counsel, from which an appeal, a successful or unsuccessful motion for new trial, a successful or unsuccessful motion in arrest of judgment,[9] or perhaps nothing (after consultation with counsel and counsel's review of the trial court's proceedings) may follow. Contrary to appellant's contention in oral argument, there may be reasons for requesting appointment of counsel after sentence has been pronounced other than immediately bringing an appeal.

Also, we cannot conclude that the trial court's handwritten reference to an appeal on the order granting appellant's application is determinative. This reference does not necessarily reflect the trial court's understanding of appellant's present intent to appeal; it may, instead, reflect the court's acknowledgement that appellant would need counsel if she later decided to appeal.

---

[9]In the event a defendant prevails in such a motion, an appeal is obviously unnecessary.

Finally, we recognize that in recent years, the court of criminal appeals has explained that we should liberally construe rules related to the perfection of an appeal. *See Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007). Nonetheless, the court's cases do not dispense with the requirement of a bona fide notice of appeal. *See id.* at 189–90 (noting that the rules "retain the requirement of notice of appeal" but holding that an unquestioned notice of appeal was sufficient to appeal the defendant's conviction although the defendant filed the notice of appeal under a wrong cause number); *see also Taylor v. State*, 424 S.W.3d 39, 41, 44–46 (Tex. Crim. App. 2014) (concluding that an unquestioned notice of appeal was sufficient to invoke jurisdiction although it was mistakenly sent to a court of appeals and later forwarded to a trial court); *Gonzales*, 421 S.W.3d at 674 (holding that an unquestioned notice of appeal in one cause number was sufficient to bring appeals in three related cases). Despite liberal construction of the rules, the court of criminal appeals has not dispensed with them altogether; it still dismisses appeals when there is no timely notice of appeal. *See Castillo*, 369 S.W.3d at 202–03; *Shute*, 744 S.W.2d at 97.

For all of these reasons, following the rationale in the cases above, we cannot conclude that appellant's application for appointment of counsel qualifies as a timely notice of appeal. *See* Tex. R. App. P. 25.2(c)(2), 26.2(a)(1). Because the record does not contain a timely notice of appeal or a timely motion for extension of time to file a notice of appeal, we dismiss the appeal for want of

10

jurisdiction.  *See* Tex. R. App. P. 25.2(b), 26.2(a)(1), 26.3(b), 43.2(f); *Taylor*, 424

S.W.3d at 43; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

WALKER, J., filed a dissenting opinion.

PUBLISH

DELIVERED:  October 2, 2014