PD-0180-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/14/2015 2:24:41 PM
Accepted 7/14/2015 2:30:54 PM
ABEL ACOSTA
CLERK

**Cause No. PD-0180-15**

In the
Court of Criminal Appeals
of Texas

**PATRICIA ELIZABETH HARKCOM,**
**Appellant**

**V.**

**THE STATE OF TEXAS**

Appeal from Cause No. 02-12-00576-CR
In the Second Court of Appeals, Fort Worth, Texas
Dismissing the Appeal from
Cause No. CR12165
in the 355th Judicial District Court, Hood County, Texas

# STATE'S BRIEF ON DISCRETIONARY REVIEW

**Robert T. Christian**
Hood County District Attorney

**Megan Chalifoux**
Assistant District Attorney
Hood County District Attorney's Office
State Bar No. 24073674
1200 W. Pearl Street
Granbury, Texas  76048
Telephone:  (817) 579.3245
Facsimile:  (817) 579.3247
da.appellate@co.hood.tx.us
**Attorneys for the State**

# Table of Contents

Table of Contents ............................................................................................ 2

Index of Authorities........................................................................................ 4

Identity of Parties and Counsel .................................................................... 6

Issue Presented................................................................................................ 7

Statement Regarding Oral Argument......................................................... 8

Statement of the Case.................................................................................... 8

Statement of Facts.......................................................................................... 9

Summary of State's Argument ................................................................... 12

Argument ....................................................................................................... 14

    1.    Harkcom did not comply with Rules 21.4, 25.2, 26.2, or 26.3 of the Texas Rules of Appellate Procedure........................................................... 14

    2.   The court of appeals did not ignore *Few v. State,* 230 S.W.3d 184 (Tex. Crim. App. 2007). ................................................................................. 17

    3.   No court has ever held that an "application for appointment of counsel" in the "trial of the charge pending," alone, is a sufficient notice of appeal....... 19

    4.   The pronouncement of sentence is the appealable event—not the signing of the written judgment. ................................................................... 23

    5.   The trial court certified that, on the day sentence was pronounced in open court, Harkcom was informed of her rights concerning an appeal............... 25

    6.  If this Court holds Harkcom's application for court-appointed counsel to be sufficient, then practically any language contained within any type of document could serve as a notice of appeal. ..................................................... 26

    7. Harkcom's argument that the notice of appeal, filed seven days past the deadline, was an implied motion for extension under Rule 26.3 of the Texas Rules of Appellate Procedure ........................................................................ 28

        7.1    This Court should not consider this issue because it was neither considered by the court of appeals nor included in Harkcom's petition for discretionary review.......................................................... 28

7.2   Even so, this Court should not overrule *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996) or ignore Rule 26.3's plain language. ..............29

7.3   Harkcom is not without access to the appellate courts as she may still file an application for a writ of habeas corpus. .......................31

Conclusion................................................................................................34

Prayer.......................................................................................................35

Certificate of Word Count.....................................................................36

Certificate of Service..............................................................................36

# Index of Authorities

## Texas Court of Criminal Appeals Cases

*Castillo v. State,* 369 S.W.3d 196 (Tex. Crim. App. 2012)...................................... 19, 30

*Coffey v. State*, 979 S.W.2d 326 (Tex. Crim. App. 1998)..............................................24

*Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988)..............................................25

*Ex parte Caldwell*, 383 S.W.2d 587 (Tex. Crim. App. 1964).........................................33

*Ex parte Madding*, 70 S.W.3d 131 (Tex. Crim. App. 2002).........................................24

*Farrell v. State*, 864 S.W.2d 501 (Tex. Crim. App. 1993)..............................................29

*Few v. State*, 230 S.W.3d 184 (Tex. Crim. App. 2007).............................. 7, 17, 18, 28

*Gonzales v. State*, 421 S.W.3d 674 (Tex. Crim. App. 2014) ........................................ 18

*Lankston v. State*, 827 S.W.2d 907 (Tex. Crim. App. 1992) ........................................ 16

*Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996) ........................................ passim

*Schute v. State*, 744 S.W.2d 96 (Tex. Crim. App. 1988)..............................................19

*Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998) (per curiam) ..................... 14

*Taylor v. State*, 424 S.W.3d 39 (Tex. Crim. App. 2014) ................................................ 18

## Texas Supreme Court Cases

*Hone v. Hanafin*, 104 S.W.3d 884 (Tex. 2003)........................................................ 12, 28

*Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997) ..............................................12, 27, 28

## Texas Courts of Appeals Cases

*Alejandro v. State*, No. 14-06-00539-CR, 2006 WL 2074819 (Tex. App.—Houston
   [14th Dist.], Jul. 27, 2006, pet. ref'd) (mem. op., not designated for publication)
   ............................................................................................................................21

*Clark v. State*, 287 S.W.3d 355 (Tex. App.—Texarkana 2009, no pet.)............. 20, 22

*Cooper v. State*, 917 S.W.2d 474 (Tex. App.—Fort Worth 1996, pet. ref'd) ..........21

*Currie v. State*, No. 09-06-225-CR, 2006 WL 2506419 (Tex. App.—Beaumont,
   Aug. 30, 2006, no pet.) (mem. op., not designated for publication).....................21

*Hall v. State*, No. 11-05-00222-CR, 2006 WL 944647 (Tex. App.—Eastland, Apr.
   13, 2006, pet. ref'd) (mem. op., not designated for publication) ..........................22

*Harkcom v. State*, __ S.W.3d __, No. 02-12-00576-CR, 2014 WL 4923003 (Tex. App.—Fort Worth Oct. 2, 2014, pet. granted)......................................8, 16, 19, 26

*Jarrels v. State*, No. 01-01-00721-CR, 2001 WL 1301636 (Tex. App.—Houston [1st Dist.], Oct. 25, 2001, no pet.) (mem. op., not designated for publication) 21

*Lair v. State*, 321 S.W.3d 158 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd, untimely filed) .....................................................................................32

*Massey v. State*, 759 S.W.2d 18 (Tex. App.—Texarkana 1988, no pet.) ..................22

*Rivera v. State*, 940 S.W.2d 148 (Tex. App.—San Antonio 1996, no pet.)...............21

*Roberts v. State*, 270 S.W.3d 662 (Tex. App.—San Antonio 2008, no pet.)...... 21, 27

*Williford v. State*, 909 S.W.2d 604, 605 (Tex. App.—Austin 1995, no pet.).............21

## Constitutional Provision

TEX. CONST. art. V, §§ 1, 6..................................................................................... 14

## Statute

TEX. GOV'T CODE ANN. § 22.201 (West 2004 & Supp. 2014)................................... 14

## Rules

TEX. R. APP. P. 21.4(a) ......................................................................................... 15

TEX. R. APP. P. 25.2(c)(2) ..................................................................................... 15

TEX. R. APP. P. 26.2(a) .................................................................................... 14, 23

TEX. R. APP. P. 26.3 ............................................................................................. 30

## Treatise

43A George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 43.251a (2d ed. Supp. 2005) (Dix & Dawson) ......................................................... 18

## Identity of Parties and Counsel

The parties to the trial court's judgment are the State of Texas and Patricia Elizabeth Harkcom.

The trial judge was the Honorable Ralph Walton Jr.

Counsel for Harkcom at trial was Andrew Ottaway, P.O. Box 1679, Granbury, Texas 76048.

Counsel for Harkcom on appeal is Richard Mitchell, 211 S. Rusk Street, Weatherford, Texas 76086.

Counsel for the State at trial was Patrick Berry, 101 North Trinity, Suite 200, Decatur, Texas 76234.

Counsel for the State on appeal is Megan Chalifoux, Assistant District Attorney, Hood County, 1200 W. Pearl Street, Granbury, Texas 76048.

**Issue Presented**

1. Did the Court of Appeals disregard the perfection of appeal rules set forth in *Few v. State*, 230 S.W.3d 184 (Tex. Crim. App. 2007) and Texas Rules [*sic*] of Appellate Procedure 25.2(c)(2)?

## Statement Regarding Oral Argument

When this Court granted review, it announced that oral argument would not be permitted.

## Statement of the Case

Patricia Elizabeth Harkcom was charged by indictment with the offense of possession of a controlled substance, methamphetamine, of less than one gram. (C.R. at 7). The jury found Harkcom guilty of the charged offense and assessed punishment at 24 months confinement in the State Jail Division of the Texas Department of Criminal Justice and a $2,250.00 fine. (C.R. at 16, 19). The trial court sentenced her accordingly on October 2, 2012. (3 R.R. at 134-35).

The Second Court of Appeals dismissed Harkcom's appeal on October 2, 2014. *Harkcom v. State*, ___ S.W.3d ___, No. 02-12-00576-CR, 2014 WL 4923003 (Tex. App.—Fort Worth Oct. 2, 2014, pet. granted). On January 15, 2015, the court of appeals denied Harkcom's motion for en banc consideration. This Court granted Harkcom's petition for discretionary review on May 20, 2015.

## Statement of Facts

On October 2, 2012, Harkcom was sentenced in open court to serve a term of 24 months in the State Jail Division of the Texas Department of Criminal Justice, and to pay a fine of $2,250.00. (3 R.R. at 1, 135). On October 31, 2012, Harkcom filed a sworn "Application for Appointment of Counsel." Harkcom's application stated:

> On this 30 day of October, 2012, I have been advised of my right to representation by counsel in the trial of the charge pending against me. I certify that I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me. I further certify that all statements in the attached Declaration of Financial Inability to Employ Counsel are true and correct.
>
> (C.R. at 26).

Harkcom attached a declaration to her application stating that she had no funds, no ability to obtain credit to raise funds, and was not free on bail. (C.R. at 27).

On the same page, but below Harkcom's sworn application, was a proposed "Order Appointing/Denying Counsel." (C.R. at 26). On October 31, 2012, the trial judge signed the proposed Order and appointed counsel. (C.R. at 26). The words, "ON APPEAL" were written on the Order and the word, "APPEAL" at the top of the page above Harkcom's application. (C.R. at 26). That same day, the trial court also signed the Judgment of Conviction by Jury. (C.R. at 21-22).

On November 8, 2012, appointed counsel filed five documents:

(1)  Written Designation of Matters for Inclusion in Reporter's Record;

(2)  Written Designation Specifying Matters For Inclusion in Clerk's Record;

(3)  Motion for New Trial and Motion in Arrest of Judgment;

(4)  Notice of Appeal; and

(5)  a proposed Order for a Setting on the Motion for New Trial and Motion in Arrest of Judgment.

(C.R. at 28-35).

On December 3, 2012, a hearing was held on Harkcom's motion for new trial. (4 R.R. at 1, 6). Even though the motion for new trial stated that it was not timely, neither side brought this to the trial court's attention at the hearing. (C.R. at 32). Whether Harkcom desired to appeal from the judgment and whether she filed a timely notice of appeal were also not discussed at the hearing. After receiving testimony from Harkcom, trial counsel, and one other witness, the trial court denied Harkcom's motion for new trial. (4 R.R. at 6-7, 47-48).

On January 22, 2013, the Second Court of Appeals sent a letter to Harkcom's counsel stating that it was concerned it may not have jurisdiction over the appeal. The court of appeals noted that the notice of appeal was due on November 1, 2012, but was not filed until November 8, 2012. Harkcom's counsel responded that Harkcom's application for appointment of counsel gave sufficient

notice of appeal under Texas Rule of Appellate Procedure 25.2(c)(2). On February 25, 2013, the court of appeals sent a letter stating that it considered counsel's response and determined it would continue the appeal. Both parties then filed their briefs on Harkcom's complaint that she received ineffective assistance of counsel during her trial. On July 3, 2014, the court of appeals again sent a letter stating that it remained concerned about its jurisdiction and asked that the parties come prepared to discuss its concerns at oral argument on July 9, 2014. Following oral argument, the court of appeals issued its opinion dismissing Harkcom's appeal.

## Summary of State's Argument

The court of appeals correctly dismissed this appeal because Harkcom filed her notice of appeal seven days after it was due and requested no extension of time. Harkcom's "Application for Appointment of Counsel" made no mention of an appeal or her desire to appeal; instead, her application referenced the "trial of the charge pending" and stated, "I hereby request the court to appoint counsel for me." Because Harkcom's application for appointment of counsel did not show her desire to appeal, it was insufficient to constitute a notice of appeal under the Rules of Appellate Procedure. Because Harkcom did not timely file a notice of appeal, she did not properly invoke the jurisdiction of the court of appeals.

Harkcom also argues that her notice of appeal filed in the trial court seven days past the deadline included an "implied" motion for extension of time. Harkcom asks this Court to adopt the Texas Supreme Court's view that a motion for extension of time is implied when appellant, acting in good faith, files a notice of appeal beyond the time permitted by Rule 26.1, but within the 15-day period in which an appellant would be entitled to move to extend the filing deadline under Rule 26.3. The court of appeals did not address this issue and this Court did not grant review. Even if this Court considers Harkcom's argument, this Court should not overrule its decision in *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996), because doing so ignores the plain language of Rule 26.3. Moreover, Harkcom's

equitable argument ignores the fact that criminal appellants may seek an out-of-time appeal under an Article 11.07 application for writ of habeas corpus when no motion for extension of time is filed, as occurred in this case.

**Argument**

**1.    Harkcom did not comply with Rules 21.4, 25.2, 26.2, or 26.3 of the Texas Rules of Appellate Procedure.**

The rules of appellate procedure do not define a court of appeals's jurisdiction; the Texas Constitution does. *See* TEX. CONST. art. V, §§ 1, 6; TEX. GOV'T CODE ANN. § 22.201 (West 2004 & Supp. 2014). However, a court of appeals may have jurisdiction to hear a case but be unable to exercise jurisdiction because it has not been properly invoked by compliance with the appropriate appellate rules. Rule 26.2 of the Texas Rules of Appellate Procedure provides specific periods of time in which a party may file its notice of appeal and is one of many procedural rules a party must follow in order to successfully invoke a court of appeals's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996) (parties must follow rules to invoke jurisdiction); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam) (reaffirming applicability of *Olivo*).

A defendant's notice of appeal is timely if filed within 30 days after the day sentence is imposed or suspended in open court, or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). A motion for new trial is timely if filed no later than 30 days after the date when the trial court imposes or suspends

sentence in open court. TEX. R. APP. P. 21.4(a). A notice of appeal "is sufficient if it shows the party's desire to appeal from the judgment or other appealable order." TEX. R. APP. P. 25.2(c)(2).

In this case, Harkcom did not timely file a motion for new trial.[1] As a result, Harkcom had 30 days from the day sentence was imposed in open court to file her notice of appeal. Because sentence was imposed in open court on October 2, 2012, her notice of appeal was due on November 1, 2012. But the only document Harkcom filed in the trial court within this 30-day window was an "application for appointment of counsel." (C.R. at 26). Harkcom's application stated:

> On this 30 day of October, 2012, I have been advised of my right to representation by counsel in the *trial of the charge pending against me.* I certify that I am without means to employ counsel of my own choosing and *I hereby request the court to appoint counsel for me.* I further certify that all statements in the attached Declaration of Financial Inability to Employ Counsel are true and correct.
>
> (C.R. at 26) (emphasis added).

Harkcom asks this Court to consider her request for court-appointed counsel as the functional equivalent of a notice of appeal. But in her application, Harkcom never mentioned anything about an appeal, let alone her *desire* to appeal. Nor did Harkcom's application mention a judgment or other appealable order from which she could appeal, as her application was in regards to a "trial of

---

[1] Harkcom's motion for new trial was filed on November 8, 2012, seven days after it was due. (C.R. at 32).

15

the charge pending." (C.R. at 26). Counsel was requested for "trial" at a time when trial filings could be filed.

The only mention of an appeal made within the 30-day deadline came from the trial judge[2]—not Harkcom—when he noted, "APPEAL" and "ON APPEAL" on the application and order appointing counsel, respectively. (C.R. at 26). Harkcom argues that because the trial judge thought she wanted to appeal her case, so should this Court. *See* Appellant's Brief at 13-15. But it is the appellant that must indicate his or her desire to appeal—not the trial court. It is true that an otherwise insufficiently specific request will be considered sufficient if it is clear that the trial court understood it, but there has to be some basis in the record. *See Lankston v. State*, 827 S.W.2d 907, 908-09 (Tex. Crim. App. 1992). The trial court should not speak for the defendant. Absent an agreement to the judge's notations, they cannot serve as a proper notice of appeal.

Because Harkcom's "application for appointment of counsel" gave no indication that she desired to appeal her case, it was not a notice of appeal. And because Harkcom did not timely file a notice of appeal, she did not properly

---

[2] The court of appeals assumed these notations were made by the trial judge. *See Harkcom*, 2014 WL 4923003, at *1 ("On its order, the judge handwrote "*ON APPEAL*" to the end of typed words stating "*ORDER APPOINTING COUNSEL*."). Harkcom also assumes that these notations were made by the trial court. There is nothing in the record to show who made these notations, but the State does not contest the assumption made by the court of appeals and Harkcom.

16

invoke the court of appeals's jurisdiction. The court of appeals was correct to dismiss her appeal.

**2.    The court of appeals did not ignore *Few v. State,* 230 S.W.3d 184 (Tex. Crim. App. 2007).**

Harkcom argues that the court of appeals ignored this Court's decision in *Few v. State*, 230 S.W.3d 184 (Tex. Crim. App. 2007), when it dismissed her appeal. In *Few*, the defendant filed his *pro se* notice of appeal in the wrong cause number. 230 S.W.3d at 185-86. The State originally indicted the appellant in one cause number and re-indicted him two years later in a second cause number. *Id.* at 185. After being tried and convicted in the second cause number, the appellant mistakenly filed his *pro se* notice of appeal in the original cause number. *Id.* at 186. This Court held that the appellant's notice of appeal was sufficient to invoke the jurisdiction of the court of appeals. *Id.* at 190. As a result, the court of appeals should have given the appellant a reasonable opportunity to correct the defect in his timely filed notice of appeal before dismissing the appeal. *Id.*

The facts in *Few* are distinguishable from Harkcom's case. In *Few*, the appellant actually filed a timely notice of appeal showing his desire to appeal from the judgment; he just filed it in the wrong cause number. In Harkcom's case, there was no timely filed notice of appeal. Harkcom did not just leave off the correct cause number like Few did, she failed entirely to mention the fact that she wanted

to appeal her case. Harkcom's act of filing an application for court-appointed counsel instead of an actual notice of appeal was not a harmless procedural defect like in *Few*.

*Few* simply recognizes that defective notices of appeal may be amended at any time before the appealing party's brief is filed. Appellants must still show their desire to appeal by timely filing a notice of appeal. *See Few*, 230 S.W.3d at 189 ("The rules thus 'retain the requirement of notice of appeal. But they now permit amendment to cure apparently any defects in notices of appeal.'") (quoting 43A George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 43.251a at 192 (2d ed. Supp. 2005) (Dix & Dawson)). The court of appeals recognized *Few*'s holding and properly considered its application in Harkcom's case:

> Finally, we recognize that in recent years, the court of criminal appeals has explained that we should liberally construe rules related to the perfection of an appeal. *Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007). Nonetheless, the court's cases do not dispense with the requirement of a bona fide notice of appeal. *See id.* at 189-90 (noting that the rules "retain the requirement of notice of appeal" but holding that an unquestioned notice of appeal was sufficient to appeal the defendant's conviction although the defendant filed the notice of appeal under a wrong cause number); *see also Taylor v. State*, 424 S.W.3d 39, 41, 44-46 (Tex. Crim. App. 2014) (concluding that an unquestioned notice of appeal was sufficient to invoke jurisdiction although it was mistakenly sent to a court of appeals and later forwarded to a trial court); [*Gonzales v. State*, 421 S.W.3d 674, 674 (Tex. Crim. App. 2014)] (holding that an unquestioned notice of appeal in one cause number was sufficient to bring appeals in three related cases). Despite liberal construction of the rules, the court of criminal appeals has not dispensed with them

18

altogether; it still dismisses appeals when there is no timely notice of appeal. *See* [*Castillo v. State*, 369 S.W.3d 196, 202-03 (Tex. Crim. App. 2012); *Schute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988)].

*Harkcom*, 2014 WL 4923003, at *4.

In its decision, the court of appeals discussed *Few*, correctly determined that a notice of appeal is still required under the law to invoke the jurisdiction of a court of appeals, and rightly held that Harkcom's application for appointment of counsel was inadequate to serve as a notice of appeal. So, contrary to Harkcom's argument, the court of appeals did not improperly ignore *Few* in reaching its decision.

**3.    No court has ever held that an "application for appointment of counsel" in the "trial of the charge pending," alone, is a sufficient notice of appeal.**

What Harkcom asks this Court to do is unprecedented. Harkcom fails to cite any case recognizing an application for court-appointed counsel in the "trial of the charge pending," alone, to be a sufficient notice of appeal. In *Jones v. State*, this Court held appeal had not been timely perfected when trial counsel filed a motion to withdraw and request for court-appointed counsel with an affidavit of indigence within 30 days of sentencing. 98 S.W.3d 700, 702 (Tex. Crim. App. 2003). This Court held the documents put the trial court on notice of the defendant's desire to appeal, but did not hold that the documents functioned as a

notice of appeal. *Id.* at 702-03. This Court ordered an out-of-time appeal because trial counsel failed to perform his responsibilities when he did not contemporaneously file a *pro se* written notice of appeal with the motion to withdraw. *Id.* at 703-04.

This Court also held that the trial court erred when it failed to appoint appellate counsel because the motion to withdraw along with the request for court-appointed counsel on appeal demonstrated the appellant's desire to appeal. *Id.* at 703. The motion in *Jones* stated that appellant requested appointed counsel "for the purpose of a motion for new trial, appeal and . . . a copy of the court reporter's notes." *Id.* In the attached affidavit, the appellant attested to his inability "to afford counsel on a motion for new trial and/or appeal [or] to pay for the court reporter's notes [in his case]." *Id. Jones* is distinguishable because Harkcom's trial counsel never filed a motion to withdraw like Jones's trial counsel did. And the language used in Jones's request for appointed counsel specifically mentioned that he was requesting counsel for the purpose of an appeal. Harkcom's application for court-appointed counsel did not contain the same language and instead referred to a "trial of the charge pending." (C.R. at 26).

Many courts of appeals in Texas have held requests for court-appointed counsel to be inadequate to serve as a notice of appeal. *See Clark v. State*, 287 S.W.3d 355, 356 (Tex. App.—Texarkana 2009, no pet.) (post-conviction

application for court-appointed counsel not a notice of appeal); *Roberts v. State*, 270 S.W.3d 662, 665 (Tex. App.—San Antonio 2008, no pet.) ("Statement of Inability to Afford Counsel" not a notice of appeal); *Currie v. State*, No. 09-06-225-CR, 2006 WL 2506419, at *1 (Tex. App.—Beaumont Aug. 30, 2006, no pet.) (mem. op., not designated for publication) (pauper's oath not a notice of appeal); *Alejandro v. State*, No. 14-06-00539-CR, 2006 WL 2074819, at *1 (Tex. App.—Houston [14th Dist.] Jul. 27, 2006, pet. ref'd) (mem. op., not designated for publication) (pauper's oath and designation of record on appeal not a notice of appeal); *Jarrels v. State*, No. 01-01-00721-CR, 2001 WL 1301636, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2001, no pet.) (mem. op., not designated for publication) (request for court-appointed counsel not a notice of appeal); *Cooper v. State*, 917 S.W.2d 474, 477 (Tex. App.—Fort Worth 1996, pet. ref'd) (order appointing counsel not a notice of appeal); *Rivera v. State*, 940 S.W.2d 148, 149 (Tex. App.—San Antonio 1996, no pet.) (pauper's oath and request for appellate counsel not a notice of appeal); *Williford v. State*, 909 S.W.2d 604, 605 (Tex. App.—Austin 1995, no pet.) (affidavit of indigence and request for appointment of counsel on appeal not a notice of appeal).

The cases cited by Harkcom are distinguishable because the appellants in those cases did considerably more to show their desire to appeal than Harkcom did. In *Hall v. State*, for example, the appellant filed a *pro se* "Motion for

21

Appointment of a Court Appointed *Appellate* Attorney." No. 11-05-00222-CR, 2006 WL 944647, at *1 (Tex. App.—Eastland Apr. 13, 2006, pet. ref'd) (mem. op., not designated for publication) (emphasis added). At the hearing on Hall's motion the State acknowledged that appellant "did appear to evidence a desire to take his case up on appeal." *Id.* In this case, Harkcom requested court-appointed counsel for her *trial*, rather than on appeal. And while there was a hearing on Harkcom's untimely motion for new trial, neither side mentioned anything about Harkcom's desire to appeal. Even if *Hall* were persuasive authority, the facts are distinguishable from Harkcom's case.

Harkcom also cites *Massey v. State*, 759 S.W.2d 18 (Tex. App.—Texarkana 1988, no pet.). There, the Texarkana Court of Appeals held that a written request for a copy of the record *and* for appointment of an attorney for representation *on appeal* served as written notice of appeal. *Massey v. State*, 759 S.W.2d 18, 19 (Tex. App.—Texarkana 1988, no pet.). The Texarkana Court cited no authority in support of its conclusion. Regardless, Massey did considerably more to indicate his desire to appeal than did Harkcom. *Compare Clark*, 287 S.W.3d at 356 ("An affidavit of indigence and request for counsel alone cannot serve as the notice of appeal or as a motion for extension of time.").

The lack of authority supporting Harkcom's argument provides further reason for this Court to affirm the court of appeals's decision.

**4. The pronouncement of sentence is the appealable event—not the signing of the written judgment.**

Harkcom argues that her desire to appeal is evident from the fact the judgment was signed on the same day she filed her application for appointment of counsel, but this analysis is misguided. Harkcom seems to argue that she was unable to express her desire to appeal until after the trial court signed the judgment. Harkcom opines that requiring a defendant to express a desire to appeal before the written judgment is signed is "Kafka-esque." *See* Appellant's Brief at 13. Regardless of her view, it is clear what is required by the Texas Rules of Appellate Procedure.

Rule 26.2(a)(1) plainly requires that the notice of appeal be filed within 30 days after the *day sentence is imposed in open court*. TEX. R. APP. P. 26.2(a)(1). Thus, the appellate time table begins with the pronouncement of sentence—not the written judgment. The appealable event is the pronouncement of sentence:

> A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed. Thus, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith."

*Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (quoting

*Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)) (internal citations

omitted).

The pronouncement of sentence was the pivotal moment in Harkcom's

journey to the court of appeals—not the signing of the written judgment. The

written judgment simply reflected what occurred when sentence was pronounced

in open court. The fact that the trial court signed the written judgment on the

same day Harkcom filed her application for appointment of counsel has nothing to

do with whether Harkcom desired to appeal her case. And Harkcom's assertion

that she received the written judgment the same day she signed her application

for appointment of counsel is unsupported by the record.[3] *See* Appellant's Brief at

13. Even if a written judgment were required to trigger the appellate clock,

Harkcom's request for counsel may have been for the purpose of filing a motion

for new trial. Because the oral pronouncement is the appealable event, Harkcom's

argument regarding the written judgment is mistaken.

---

[3] Harkcom's application for appointment of counsel signed October 30, 2012 and filed October 31, 2012. (C.R. at 26). Judgment of Conviction by Jury signed by trial court October 31, 2012. (C.R. at 22). Harkcom's right thumbprint affixed to Judgment November 14, 2012. (C.R. at 25).

**5.** **The trial court certified that, on the day sentence was pronounced in open court, Harkcom was informed of her rights concerning an appeal.**

Harkcom asserts that, following her conviction, her attorney "abandoned" her and she was without guidance on how to appeal her case. *See* Appellant's Brief at 7, 13, 15-16. Harkcom seems to argue that this somehow proves that her application for appointment of counsel served as a notice of appeal. But, whether or not this allegation supports her argument, it is unsupported by the record.

As this Court held in *Jones*, it was trial counsel's duty to advise Harkcom of her appellate rights:

> [T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal.

*See Jones*, 98 S.W.3d at 702-03 (quoting *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988)).

Trial counsel must first ascertain whether the defendant wishes to appeal. *Id.* at 703. The decision to appeal lies solely with the defendant. *Id.* If the defendant does not wish to appeal, trial counsel's representation ends. *Id.* If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court. *Id.*

There is nothing in the record to show that trial counsel did not fulfill these duties. To the contrary, the record seems to show that trial counsel did, in fact, advise Harkcom of her appellate rights because Harkcom, trial counsel, and the trial court signed a certification that trial counsel fulfilled his duties and that Harkcom was aware of her rights concerning an appeal. (C.R. at 20). As the court of appeals noted:

> After the trial court sentenced appellant on October 2, on the same day, it certified her right to appeal. Appellant and her trial counsel signed the certification, which recited that appellant had been informed of her rights concerning an appeal.
>
> *Harkcom*, 2014 WL 4923003, at *1.

**6.    If this Court holds Harkcom's application for court-appointed counsel to be sufficient, then practically any language contained within any type of document could serve as a notice of appeal.**

The requirement for giving notice of appeal is simple. Criminal defendants need only file a notice of appeal showing their desire to appeal from the judgment within 30 days of the pronouncement of sentence in open court. Harkcom's argument on appeal complicates this straightforward requirement.

If asking "the court to appoint counsel for me" evidences a desire to appeal, then practically any language contained in any type of document filed in the trial court could constitute a notice of appeal. As the San Antonio Court of Appeals

warned, courts will be "saddled with the added responsibility of exploring every nook and cranny of the record—even in unlikely places—to seek out language that might be stretched to conceivably serve as a 'notice of appeal." *Roberts*, 270 S.W.3d at 665 (internal quotations omitted). And similarly, the State will be left to guess whether a criminal defendant has perfected an appeal.

The extended timeline of this case shows the result of failing to follow simple rules. All of the parties involved in this trial must await this Court's opinion on a matter that could have been avoided, if intended, by a simple heading. "Under any number of circumstances, time plays a critical role in justice." *Verburgt v. Dorner*, 959 S.W.2d 615, 618 (Tex. 1997) (Enoch, J., dissenting).

Ultimately, adopting Harkcom's argument leads to a system difficult to administer and opens the door to a whole host of other filings constituting a "desire to appeal" even when those filings say nothing about appealing anything. Finding Harkcom's application for court-appointed counsel sufficient is tantamount to dispensing with the necessity of filing any such notice. Such a holding would be contrary to the Rules of Appellate Procedure and would invite unnecessary and unfair delay.

**7.** **Harkcom's argument that the notice of appeal, filed seven days past the deadline, was an implied motion for extension under Rule 26.3 of the Texas Rules of Appellate Procedure**

The Supreme Court of Texas has held, in civil cases, "a motion for extension of time is implied" when appellant, acting in good faith, files notice of appeal beyond time permitted by Rule 26.1, but within the 15-day period in which appellant would be entitled to move to extend the filing deadline under Rule 26.3. *Hone v. Hanafin*, 104 S.W.3d 884, 885-86 (Tex. 2003); *see Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997). This equitable rule would benefit Harkcom.

Harkcom recognizes that adopting it would require this Court to overrule its decision in *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996). Because review was not granted on this issue, this Court should decline to consider Harkcom's argument. But even if the Court finds that review is appropriate, this Court should overrule Harkcom's point of error and reject the Texas Supreme Court's holdings in *Verburgt* and *Hone*.

**7.1** **This Court should not consider this issue because it was neither considered by the court of appeals nor included in Harkcom's petition for discretionary review.**

When this Court granted Harkcom's petition for discretionary review, review was limited to whether the court of appeals improperly disregarded this Court's decision in *Few v. State*, 230 S.W.3d 184 (Tex. Crim. App. 2007) and Rule

28

25.2(c)(2) of the Texas Rules of Appellate Procedure when it held that Harkcom's "application for appointment of counsel" did not evidence her desire to appeal from the judgment in her case.[4] No mention was made of whether Harkcom's notice of appeal filed on November 8, 2012, seven days after it was due, properly invoked the appellate court's jurisdiction as an implied motion for extension under Rule 26.3. Because this Court's review is limited to decisions by the courts of appeals, it has held a party "may not expect this Court to consider a ground for review that does *not* implicate a determination by the court of appeals of a point of error presented to that court in orderly and timely fashion." *Farrell v. State*, 864 S.W.2d 501, 502 (Tex. Crim. App. 1993). Because Harkcom raises a new point of error in her brief—one that this Court did not grant review—this Court should not consider its merits.

### 7.2 Even so, this Court should not overrule *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996) or ignore Rule 26.3's plain language.

Under Texas Rule of Appellate Procedure 26.3, "[t]he appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party:  (a) files in the trial court the notice of appeal; *and* (b) files in the appellate court a motion complying with Rule 10.5(b).

---

[4] *See* Appellant's Petition for Discretionary Review at 6 ("The Appellant's argument is simple. Considering the totality of the circumstances in this case, did the Appellant make a bona fide attempt to invoke the appellate court's jurisdiction when she filed her application?").

Tex. R. App. P. 26.3 (emphasis added). In this case, Harkcom filed a notice of appeal in the trial court seven days after it was due, (C.R. at 34), but never filed a motion for extension of time in the court appeals explaining the need for the extension.

Following Harkcom's argument and the Supreme Court's holdings in *Vergburgt* and *Hone* simply ignores the rule's requirement that *both* a notice of appeal *and* a motion for extension of time reasonably explaining the need for the extension must be filed. The plain, unambiguous language of Rule 26.3 speaks to the filing of a motion to extend time in the court of appeals *in addition to* the notice of appeal filed in the trial court. This Court has always recognized Rule 26.3's dual requirement. In *Olivo,* this Court held, "[w]hen a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." 918 S.W.2d at 522. This Court characterized the lack of a motion for extension of time as a jurisdictional defect rather than a "mere procedural irregularity." *Id.* at 522. And, more recently, in *Castillo v. State*, this Court re-affirmed Rule 26.3's requirements:

> . . . Rule 26.3 provides a measure of relief for the inadvertent slowpoke. It permits an extension of time after the deadline to file notice of appeal, if, within fifteen days after the deadline, the party files (a) the notice of appeal in the trial court; and (b) a motion for extension of time under Rule 10.5(b)(2) in the court of appeals.

369 S.W.3d 196, 201-02 (Tex. Crim. App. 2012).

No mention would be made of a separate motion in Rule 26.3 if a notice of appeal filed in the trial court were all that was required to extend the time to perfect an appeal during the 15 days following the deadline. And if only a notice of appeal were required, then the Rules of Appellate Procedure's 30-day deadline to file a notice of appeal under Rule 26.2 would be meaningless because appellants would actually have 45 days, provided they acted in good faith filing their notice beyond the initial 30-day window. Until and unless this Court and the Supreme Court of Texas change the language of Rule 26.3, a separate motion to extend time filed in the appellate court is still required to perfect an appeal within 15 days following Rule 26.2's deadline for filing the notice of appeal.

### 7.3 Harkcom is not without access to the appellate courts as she may still file an application for a writ of habeas corpus.

It is unfortunate that Harkcom's appellate counsel was appointed the day before the notice of appeal was due and that counsel was notified of his appointment on the day the notice of appeal was due and waited seven days to file the notice of appeal. This misfortune, of course, assumes that Harkcom communicated her desire to appeal to her appointed counsel in a timely manner. Counsel may not have been an "inadvertent slowpoke," but the additional time provided by Rule 26.3 is available to all who need it. In any event, no motion for

extension of time was filed under Rule 26.3 and no explanation was given for why the notice of appeal could not be timely filed.

But even with all of these missed deadlines, Harkcom is still not without a remedy, as she may be able to claim ineffective assistance of counsel in an Article 11.07 application for writ of habeas corpus. Because of this potential solution, Harkcom is not without access to the appellate courts and any perceived sense of unfairness in *Olivo* in light of the Texas Supreme Court's holdings in *Verburgt* and *Hone* is resolved.

One may argue, as Justice Sharp did in *Lair v. State*, 321 S.W.3d 158, 160 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd, untimely filed) (Sharp, J., concurring), that an application for writ of habeas corpus requesting an out-of-time appeal is cumbersome, costly, and inefficient. But would it be more cumbersome, costly, and inefficient than what has occurred in this case? Harkcom was sentenced to two years in the State Jail in October 2012 and has, presumably[5], watched the merits of her argument on appeal go unresolved as the appellate courts consider a jurisdictional matter, long after she has discharged her sentence. It seems the solution to ensuring that criminal appellants are given fair and timely access to the appellate courts is to simply follow the Rules of Appellate

---

[5] Harkcom's whereabouts and involvement in this appeal are unclear, as counsel lists her address as "unknown" in his briefings before the Court. *See* Appellant's Petition for Discretionary Review at iii; Appellant's Brief at ii.

Procedure and to allow them to seek out-of-time appeals under an Article 11.07 application for writ of habeas corpus when counsel fails to follow those rules.

Because a separate motion for extension of time was never filed during the 15-day window following the deadline to perfect her appeal, Harkcom simply did not do what the Rules of Appellate Procedure require. And "[j]urisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act is as absent as if it did not exist." *Olivo*, 918 S.W.2d 519, 523 (quoting *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964)). Thus, under the plain language of Rule 26.3, Harkcom's notice of appeal, filed seven days after it was due, did not invoke the appellate court's jurisdiction. As a result, the court of appeals was without power to act except to dismiss the case for lack of jurisdiction.

In sum, even if this Court considers Harkcom's argument, this Court should not adopt the Texas Supreme Court's reasoning in *Verburgt* and *Hone* because doing so improperly extends the court of appeals's jurisdiction. This Court should instead follow its holding in *Olivo* and conclude that the court of appeals lacked jurisdiction to consider Harkcom's appeal because, even though Harkcom filed a notice of appeal in the trial court within the 15-day grace period allowed under Rule 26.3, she never filed a motion to extend time in the court of appeals explaining the need for the extension.

## Conclusion

Harkcom failed to invoke the jurisdiction of the court of appeals because she did not timely file a notice of appeal. Her notice of appeal was filed seven days past the deadline. And her application for appointment of counsel, filed before the deadline, did not evidence her desire to appeal from the judgment, and thus, was insufficient to constitute a notice of appeal. As a result, the court of appeals had no option but to dismiss Harkcom's appeal.

Because review was not granted, this Court should not consider the argument Harkcom makes for the first time in her brief that her notice of appeal filed in the trial court seven days past the deadline included an "implied" motion for extension of time. Even if this Court does consider this issue, this Court has repeatedly affirmed the plain language of Texas Rule of Appellate Procedure 26.3 and should decline the invitation to ignore it.

As this Court held in *Olivo*, Rule 26.3 means exactly what it says. When no notice of appeal is filed within 30 days of the pronouncement of sentence and no motion for extension explaining the need for the extension is filed during the 15-day grace period that follows, a court of appeals is without jurisdiction to consider the appeal. The Texas Supreme Court's holdings in *Verburgt* and *Hone* ignore Rule 26.3's plain language and should not be extended to criminal cases. Even though Harkcom filed a notice of appeal during the 15-day grace period, the

court of appeals was without jurisdiction to consider her appeal because she failed to file a motion for extension of time. For these reasons, this Court should affirm the court of appeals's dismissal of Harkcom's appeal.

## Prayer

The State prays that this Court deny relief to Harkcom and affirm the decision of the court of appeals.

Respectfully submitted,


/s/ Megan Chalifoux
**Robert T. Christian**
District Attorney
Hood County, Texas

**Megan Chalifoux**
Assistant District Attorney
Hood County District Attorney's Office
State Bar No. 24073674
1200 W. Pearl Street
Granbury, Texas  76048
Phone:  (817) 579.3245
Facsimile:  (817) 579.3247
da.appellate@co.hood.tx.us

**Attorneys for the State**

**Certificate of Word Count**

The undersigned attorney certifies that according to the word count generated in Microsoft Word this document contains 6,307 words, exclusive of the items excepted by TEX. R. APP. P. 9.4(i)(1).

/s/ Megan Chalifoux
**Megan Chalifoux**

**Certificate of Service**

The undersigned attorney certifies that the State's brief on discretionary review has been emailed to the following via eFile Texas, on July 14, 2015:

Richard Mitchell
Attorney for Appellant Patricia Elizabeth Harkcom
211 S. Rusk Street
Weatherford, Texas 76086
Richard@richardmitchelllaw.com

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov

/s/ Megan Chalifoux
**Megan Chalifoux**